[No. D024360. Fourth Dist., Div. One. Mar. 7, 1996.]

REDEVELOPMENT AGENCY OF THE CITY OF SAN MARCOS, Plaintiff and Respondent, v.
COMMISSION ON STATE MANDATES, Defendant and Respondent; DEPARTMENT OF FINANCE, Movant and Appellant.

1190

**COUNSEL**

Higgs, Fletcher & Mack, John M. Morris Kenneth H. Lounsbery and James A. Cunningham for Plaintiff and Respondent.

Gary D. Hori and Paula Higashi for Defendant and Respondent.

Daniel E. Lungren, Attorney General, Robert L. Mukai, Chief Assistant Attorney General, Linda A. Cabatic and Daniel G. Stone, Deputy Attorneys General, for Movant and Appellant.

**OPINION**

**HUFFMAN, J.**—The State of California Department of Finance (DOF) appeals the order of the superior court denying its motion to intervene as an indispensable party in administrative mandamus proceedings brought by the Redevelopment Agency of the City of San Marcos (San Marcos) against the State of California Commission on State Mandates (the Commission). In those mandamus proceedings, San Marcos seeks to have overturned a decision of the Commission that San Marcos was not entitled to reimbursement ("subvention") from state funds for particular housing costs that San Marcos incurred. (Cal. Const., art. XIII B, § 6; Gov. Code,[1] § 17550 et seq.; Health and Saf. Code, §§ 33334.2, 33334.3.) At the administrative hearing before the Commission, DOF appeared and filed opposition to San Marcos's request. The Commission determined that no state-mandated program was involved and, therefore, San Marcos was not entitled to the claimed reimbursement.

San Marcos then filed its petition for writ of administrative mandamus to challenge the Commission's decision, but did not name any real parties in interest, only the Commission as respondent. (Code Civ. Proc., § 1094.5.) DOF then sought leave to intervene in the administrative mandamus action, which was denied. (Code Civ. Proc., §§ 387, 389.) This appeal ensued. For the reasons to be explained, we conclude the trial court erred in denying DOF leave to intervene as it is an indispensable party and a proper real party in interest in these administrative mandamus proceedings.

I

*Procedural Context*

In section 17500 et seq., the Legislature established the Commission as a quasi-judicial body to carry out a comprehensive administrative procedure for resolving claims for reimbursement of state-mandated local costs arising out of article XIII B, section 6 (hereafter section 6) of the California Constitution.

"The Legislature did so because the absence of a uniform procedure had resulted in inconsistent rulings on the existence of state mandates, unnecessary litigation, reimbursement delays, and apparently, resultant uncertainties in accommodating reimbursement requirements in the budgetary process. [Citation.]

---

[1]All statutory references (other than to section 6) are to the Government Code unless otherwise specified.

" 'It is apparent from the comprehensive nature of this legislative scheme, and from the Legislature's expressed intent, that the exclusive remedy for a claimed violation of section 6 lies in these procedures. The statutes create an administrative forum for resolution of state mandate claims, and establishes [*sic*] procedures which exist for the express purpose of avoiding multiple proceedings, judicial and administrative, addressing the same claim that a reimbursable state mandate has been created. . . . [¶] . . . *In short, the Legislature has created what is clearly intended to be a comprehensive and exclusive procedure by which to implement and enforce section 6.*' [Citation.]

"Thus, the statutory scheme contemplates that the Commission, as a quasi-judicial body, has the sole and exclusive authority to adjudicate whether a state mandate exists." (*County of Los Angeles* v. *Commission on State Mandates* (1995) 32 Cal.App.4th 805, 819 [38 Cal.Rptr.2d 304].)

Before both the Commission and the superior court, San Marcos has claimed that it incurred costs to increase or improve the supply of low-income and moderate-income housing due to the requirements of Health and Safety Code sections 33334.2 and 33334.3, and that these provisions are a state mandate constituting a new program or higher level of service. Accordingly, San Marcos argues the Commission should have required reimbursement by the state pursuant to section 6.

"The California Supreme Court has defined what is a 'new program' or 'increased cost,' stating that the drafters and electorate had 'in mind the commonly understood meanings of the term—programs that carry out the governmental function of providing services to the public, or laws which, to implement state policy, impose unique requirements on local governments and do not apply generally to all residents and entities in the state.' (*County of Los Angeles* v. *State of California* (1987) 43 Cal.3d 46, 56 [233 Cal.Rptr. 38, 729 P.2d 202].)" (*County of Los Angeles* v. *Commission on State Mandates, supra,* 32 Cal.App.4th at p. 816.)

Pursuant to the statutory scheme, the Commission held a hearing on San Marcos's test claim, which DOF opposed, and denied the claim. San Marcos then filed its petition for administrative mandate against the Commission. DOF filed a motion to intervene. (Code Civ. Proc., §§ 1094.5, 387, 389.) The motion to intervene was denied, the court in part relying on DOF's failure to file reply papers to the opposition by San Marcos.[2] While this

---

[2]DOF applied for leave to file late reply papers, explaining that the opposition papers had been misplaced due to internal office procedure problems at the Attorney General's office. These papers included an outline of the proposed reply. This request and DOF's request to orally argue the denial of its motion to intervene were denied. DOF claims on appeal that the

appeal of the denial of the motion to intervene has been pending,[3] this court denied DOF's petition for writ of supersedeas to stay the trial court proceedings on the merit of the dispute. (*Redevelopment Agency of the City of San Marcos* v. *Commission on State Mandates* (Oct. 25, 1995) D024698 [nonpub. opn.].) On January 26, 1996, the trial court ruled telephonically on the underlying petition for writ of mandate, but no final judgment has yet been entered.[4] By letter of January 31, 1996, this court notified the parties it was reconsidering the request for stay previously made and obtained the parties' comments upon the appropriateness of a stay at this time. The Commission and DOF favored imposition of a stay, while San Marcos questioned whether the matter was moot in light of the telephonic ruling, which it anticipates appealing. We issued the stay on February 5, 1996.

II

*Statutory Scheme for State Mandate Determinations*

 As stated in section 17500, the Commission is a quasi-judicial body which acts in a deliberative manner to resolve issues arising under section 6. Under applicable regulations, the Commission is required to give notice of claims to DOF, the State Controller's Office, and any other affected state department or agency. (Cal. Code Regs., tit. 2, § 1187.1, subds. (b)(3), (d).) DOF sent representatives to the administrative hearing in this case and provided a written response to the claim. The Commission's staff made a recommendation to deny San Marcos's test claim and presented argument against it as well. San Marcos thus argues that DOF and the Commission are merely two agents of the state representing the same state interests, and DOF need not be a party to the superior court mandamus proceedings challenging the Commission's decisions.

---

trial court incorrectly construed the absence of a reply memo as an admission of the lack of merit of its original motion, and contends this was also an abuse of discretion. We need not address this argument, however, as we review the ruling itself, not the reasons given for it. (*D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 19 [112 Cal.Rptr. 786, 520 P.2d 10].)

[3]The order denying leave to intervene is separately appealable as a final determination of the issue. (*Mallick* v. *Superior Court* (1979) 89 Cal.App.3d 434, 439 [152 Cal.Rptr. 503].) In general, matters of intervention are not allowed to delay the disposition of the main action. (*Save Oxnard Shores* v. *California Coastal Com.* (1986) 179 Cal.App.3d 140, 151 [224 Cal.Rptr. 425].)

[4]We obtained the superior court file to evaluate the progress of the underlying proceedings on the petition, and take judicial notice of those orders. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

We disagree. First, separate statutory schemes create and govern DOF and the Commission. Section 13000 et seq. provide for the existence of DOF and for its control by its executive officer, the state director of finance. DOF has general powers of supervision over all matters concerning the financial and business policies of the state. (§ 13070.) DOF is authorized to institute proceedings as deemed proper to conserve the rights and interests of the state. (§ 13070.)

Section 17559 provides similar authorization for court proceedings, providing that a claimant of subvention funds *or the state* may bring administrative mandamus proceedings to set aside a decision of the Commission. Since DOF, an agency of the state, is authorized to sue the Commission, it is evident that it is more like an adversary party that appears before the Commission than it is an equivalent to the Commission itself, which is the claim-adjudicating body and which has no power to oppose the claim except in the defense of its decisions.

Secondly, the case on which the trial court relied to deny intervention, *County of Los Angeles* v. *State of California* (1982) 132 Cal.App.3d 761, 765 [183 Cal.Rptr. 5], was decided under a different statutory scheme, i.e., Revenue and Taxation Code sections which were the predecessor to the current scheme for deciding claims of state-mandated local costs. (Former Rev. & Tax. Code, § 2250 et seq.; Gov. Code, § 17500 et seq.) Specifically, that case involved a decision of the Board of Control to reject a claim for state-mandated local costs. The Court of Appeal noted that under that statutory scheme (former Rev. & Tax. Code, § 2250 et seq.), the Board of Control was to either find in favor of the claimant or reject the claim. If the claim was approved, the board reported that fact to the Legislature for legislative action, and if the board rejected the claim, its decision could be attacked through administrative mandamus proceedings. (*County of Los Angeles* v. *State of California, supra*, 132 Cal.App.3d at p. 765.) The court stated, "It follows that the case at bench involves only the board; the state itself becomes involved only where the board has reported a favorable action to the Legislature." (*Ibid.*)

The current proceeding is not so simple, because the Commission is a quasi-judicial body which hears both sides of the dispute; it is not merely a statutorily expanded Board of Control. If a current claim is approved, the Commission does not merely report that fact to the Legislature for legislative action, as was done under former Revenue and Taxation Code section 2255. Rather, current section 17557 provides that the Commission shall determine the amount to be subvened for state-mandated local costs it approves.

Section 17561 provides that the state "shall" reimburse local agencies for costs mandated by the state, under specified procedures. Section 17610 et seq. provides for payment of such claims, with the controller to pay claims under $1 million upon certification by the Commission. (§ 17610, subd. (a).) Under section 17612, larger amounts must be funded by a local government claims bill, and the Legislature is authorized to amend or supplement the parameters and guidelines for mandates contained in that bill. (§ 17612, subds. (a), (b).) Further, under section 17612, subdivision (c), if the Legislature deletes from a local government claims bill the funding necessary for a mandate, the affected local agency may sue for declaratory relief to declare the mandate unenforceable and enjoin its enforcement.

From these provisions, we deduce that the Commission has more power than did the former Board of Control since the state controller is required to pay those smaller claims approved by the Commission under section 17557, subdivision (a), pursuant to section 17610, subdivision (a). Although in *County of Los Angeles* v. *State of California, supra*, 132 Cal.App.3d at page 765, the court noted that a losing claimant could bring administrative mandamus proceedings to challenge the Board of Control's decision against it, the court did not explain what a state agency could do to challenge a board decision to allow a claim for reimbursement. Instead, the court appeared to assume that the matter stayed entirely in the legislative arena once the approved claim was reported to the Legislature for action.

Under the current scheme, section 17559 expressly provides that a state agency may bring an action to challenge a Commission decision that is unfavorable to it, i.e., that requires subvention of state moneys. Moreover, the state is involved at an earlier stage under the current scheme, such as when DOF is notified and allowed to participate in the administrative hearings. (Cal. Code Regs., tit. 2, § 1187.1.) Thus, the authority of *County of Los Angeles* is somewhat outdated and does not stand for the proposition that administrative mandamus proceedings under the current statutory scheme should involve only the Commission and need not allow for participation by a state agency such as DOF. We base this conclusion on the quasi-judicial nature of the Commission and DOF's corresponding role as a party which may appear before it and file suit to challenge its decisions.

III

*Real Party in Interest*

██ ██ Normally, under Code of Civil Procedure section 1107, an application for the issuance of any prerogative writ is accompanied by proof

of service on the respondent and the real party in interest. A real party in interest is generally defined as " 'any person or entity whose interest will be directly affected by the proceeding . . . .' [Citation.]" (*Sonoma County Nuclear Free Zone '86* v. *Superior Court* (1987) 189 Cal.App.3d 167, 173 [234 Cal.Rptr. 357].) A real party in interest may be the entity in whose favor the act complained of operates. (*Ibid.*) For example, in *County of Los Angeles* v. *Commission on State Mandates, supra,* 32 Cal.App.4th at p. 810, the claimant's petition for administrative mandamus named the Commission as respondent and as real parties in interest, the state controller and the state director of finance. (See also Cal. Rules of Court, rule 56(a), regarding writs issued by reviewing courts, requiring the real party in interest to be named where a court or board, etc., is the respondent.)

 Under Code of Civil Procedure section 389, subdivision (a), joinder of a person subject to service of process whose joinder will not deprive the court of jurisdiction is required if "(1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . impede his ability to protect that interest . . . ." Although the court has the power, even in the absence of an indispensable party, to render a decision as to the parties before it, the court may determine for reasons of equity and convenience that it should not proceed with a case where there is an indispensable party absent. (*Sierra Club, Inc.* v. *California Coastal Com.* (1979) 95 Cal.App.3d 495, 500 [157 Cal.Rptr. 190].) "Where the plaintiff seeks some type of affirmative relief which, if granted, would injure or affect the interest of a third person not joined, that third person is an indispensable party. [Citation.]" (*Id.* at p. 501.)

In light of DOF's right to notice and participation in the administrative hearings before the Commission and in light of its duty to supervise the financial policies of the state (§ 13070), the relief requested by San Marcos, subvention of state funds, would certainly injure or affect the interests of DOF. Under these definitions, DOF was properly a real party in interest, and should have been named as such in the petition. It is an indispensable party under Code of Civil Procedure section 389, subdivision (a).

Moreover, this application for intervention meets the standards of Code of Civil Procedure section 387, subdivisions (a) and (b).[5] DOF had an interest against the success of San Marcos on its subvention claim. (Code Civ. Proc.,

---

[5]In pertinent part, Code of Civil Procedure section 387, subdivision (a) allows discretionary intervention in an action or proceeding by any person having an interest in the matter in

§ 387, subd. (a).) Disposition of the action in DOF's absence could impair its ability to protect its interests in the subject matter of the action. (Code Civ. Proc., § 387, subd. (b).) Because of the Commission's peculiar role as a quasi-judicial agency adjudicating claims against the state, the Commission cannot be said to have adequately represented all the interests of DOF, even though here its staff agreed with DOF's position on the merits. Accordingly, the court erred in denying the application to intervene under Code of Civil Procedure section 387, subdivision (b), and abused its discretion in denying discretionary intervention under Code of Civil Procedure section 387, subdivision (a).

## IV

### *Current Status of Petition*

The procedural posture of this case presents particular problems. Our review of the superior court file shows that the trial court issued a telephonic ruling January 26, 1996, denying the petition for writ of mandate. In their letter briefs on the appropriateness of a stay at this point, the parties dispute whether, according to an earlier stipulation, oral argument is to be requested on the telephonic ruling on the petition. In any case, the telephonic ruling has not yet been finalized into an appealable judgment, although San Marcos anticipates appealing when that occurs. Currently, DOF would not be considered a party to that appeal.[6]

Due to the ruling that has been issued on the petition, we could regard the entire matter as moot at this time. However, an appellate court may proceed to rule upon questions that are " ' "capable of repetition, yet evading review" ' " (*Sonoma County Nuclear Free Zone '86* v. *Superior Court, supra,* 189 Cal.App.3d at p. 171), despite the occurrence of events which may have resolved the particular controversy giving rise to the appeal. (*Ibid.*) The issue of a state agency's status as a real party in interest when an unsuccessful claimant sues the Commission under section 17559 is an important legal question in need of clarification. Moreover, in this case, San Marcos's anticipated appeal makes it appropriate to resolve the intervention issue raised by DOF at this time.

litigation or in the success of either of the parties or an interest against both. Code of Civil Procedure section 387, subdivision (b) requires the court, upon timely application, to allow intervention by a person claiming an interest relating to the subject matter of the action, who is so situated that the disposition of the action may as a practical matter impair or impede that person's ability to protect that interest, unless such interest is adequately represented by existing parties.

[6]No motion to vacate the judgment has been brought under Code of Civil Procedure section 663.

## DISPOSITION

The stay is vacated and the order denying intervention is reversed with directions to the trial court to take such steps as are appropriate in accordance with the views expressed in this opinion and in light of the current procedural status of the underlying administrative mandamus proceedings. Costs to appellant.

Benke, Acting P. J., and McDonald, J., concurred.