[No. H031581. Sixth Dist. July 18, 2008.]

SIENA COURT HOMEOWNERS ASSOCIATION, Plaintiff and Respondent, v.
GREEN VALLEY CORPORATION et al. Defendants and Respondents;
UNIVERSITY GARDENS CONDOMINIUM OWNERS ASSOCIATION, Movant and Appellant.

**COUNSEL**

Green Bryant & French, Ronald M. Green, Matthew T. Poelstra; and Jeffrey A. Barnett for Movant and Appellant.

Lisa J. Parrella for Plaintiff and Respondent.

Diepenbrock & Cotter and Paul R. Cotter for Defendants and Respondents.

**OPINION**

**BAMATTRE-MANOUKIAN, J.—**

## I. INTRODUCTION

Respondent Siena Court Homeowners Association (Siena Court) filed a construction defect action against respondents Green Valley Corporation et al. (Green Valley). Green Valley was the developer of the Siena Court condominium complex. Appellant University Gardens Condominium Owners Association (University Gardens) sought to intervene in the construction defect action on the ground that it had an interest in certain property involved in the dispute, consisting of common facilities (garage, swimming pool, recreational room, landscaping and related utilities) that were jointly used and maintained by Siena Court and University Gardens. The trial court found that intervention would confuse and enlarge the issues and therefore denied University Gardens's motion for leave to intervene.

On appeal, University Gardens argues that it is entitled to intervene in the construction defect action because its motion satisfied the criteria set forth in Code of Civil Procedure section 387, subdivisions (a) and (b),[1] for permissive and mandatory intervention. For reasons that we will explain, we disagree and therefore we will affirm the order denying University Gardens's motion for leave to intervene.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Complaint*

The record reflects that the currently operative pleading is the first amended complaint, filed May 5, 2005, by plaintiff Siena Court against defendant Green Valley (doing business as Barry Swenson Builder). According to the allegations in the first amended complaint, Siena Court is a nonprofit corporation composed of the owners of condominium units in a planned development located in San Jose. The corporation was created in 1996 in accordance with a declaration of covenants, conditions and restrictions (CC&R's). Siena Court is authorized to maintain, manage and preserve the common areas of the condominium complex, including the driveways, building structures, underground garages, walkways and surrounding areas, courtyards, and meeting rooms.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

Green Valley is the real estate developer that developed, built and sold the Siena Court condominium complex. Siena Court claims that the construction of the condominium complex was defective, resulting in cracks in the parking garage; cracks in the interiors of the condominium units; plumbing leaks, door leaks, and window leaks in the condominium units; and mold growth in the units and common hallways. Additionally, Siena Court alleges that the defects have caused excessive noise transmissions, roof leaks, planter box leaks, and podium slab leaks. Defects also exist in the landscape lighting systems, the fire protection system, the electrical system, and the integrity of the building structures.

Based on these allegations, among others, Siena Court asserts causes of action for negligence, strict liability, breach of written contract, breach of implied warranty, fraud (negligent misrepresentation), fraud (intentional misrepresentation), and breach of express warranty. Siena Court seeks recovery of general, special and punitive damages, as well as attorney fees and costs.

B. *The Motion for Leave to Intervene*

On March 1, 2007, University Gardens filed a motion for leave to intervene in Siena Court's construction defect action against Green Valley. The motion was based on the joint use and maintenance agreement between University Gardens and Siena Court.[2] The terms of the joint use and maintenance agreement provide that University Gardens and Siena Court share the use of certain common facilities and have joint responsibility for their maintenance. The joint common facilities include a parking garage and related improvements, ground level walkways, planter boxes, gates and landscaping, a swimming pool, and a recreational room.

The joint use and maintenance agreement also provides that the management of the joint common facilities is the responsibility of a joint committee comprised of six members, including three members from University Gardens and three members from Siena Court. The costs incurred in managing the joint common facilities, including maintenance, repair, replacement and insurance costs, are allocated as follows under the terms of the joint use and management agreement: 48 percent to University Gardens and 52 percent to Siena Court.

University Gardens argued that it was entitled to intervene in Siena Court's action against Green Valley in order to "ensure that any recovery is allocated properly between the parties with duties to maintain and repair" the "defec-

---

[2] The parties refer to the joint use and maintenance agreement by the acronym JUMA.

tively constructed/developed" joint common facilities. Specifically, University Gardens argued that intervention was mandatory under section 387, subdivision (b)[3] because it had an interest in the property that was the subject of the dispute; disposition of the action in University Gardens's absence would impair and impede its ability to protect its interest; and its interest was not adequately represented by the existing parties since Siena Court's responsibility for the costs of maintenance and repair of the joint common facilities was only 52 percent.

Alternatively, University Gardens asserted that it was entitled to permissive intervention under section 387, subdivision (a) because it has a direct interest in the matter in litigation; it is entitled to 48 percent of any recovery that Siena Court obtains for repairs to the joint common area; intervention would not enlarge the scope or function of the action; and intervention would not prejudice any party. Finally, University Gardens contended that it was entitled to mandatory joinder as an indispensable party under section 389, subdivision (a), because it is a joint obligor with Siena Court on the joint use and maintenance agreement.

Green Valley filed written opposition to University Garden's motion for leave to intervene. Green Valley's chief argument was that University Garden should not be allowed to intervene because its claims against defendants were barred by the 10-year statute of limitations for construction defect actions set forth in section 337.15.[4] Green Valley also argued that University Gardens

---

[3] Section 387 provides, "(a) Upon timely application, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court and served upon the parties to the action or proceeding who have not appeared in the same manner as upon the commencement of an original action, and upon the attorneys of the parties who have appeared, or upon the party if he has appeared without an attorney, in the manner provided for service of summons or in the manner provided by Chapter 5 (commencing with Section 1010) Title 14 of Part 2. A party served with a complaint in intervention may within 30 days after service move, demur, or otherwise plead to the complaint in the same manner as to an original complaint. [¶] (b) If any provision of law confers an unconditional right to intervene or if the person seeking intervention claims an interest relating to the property [or] transaction which is the subject of the action and that person is so situated that the disposition of the action may as a practical matter impair or impede that person's ability to protect that interest, unless that person's interest is adequately represented by existing parties, the court shall, upon timely application, permit that person to intervene."

[4] Section 337.15 provides in part, "(a) No action may be brought to recover damages from any person, or the surety of a person, who develops real property or performs or furnishes the design, specifications, surveying, planning, supervision, testing, or observation of construction

was not entitled to intervene because the action did not impair or impede University Gardens's ability to protect its interests under the joint use and management agreement; intervention would impede settlement negotiations with defendants and cross-defendants; and University Gardens's interest in obtaining a recovery to fund the repair of the joint common facilities was adequately represented by Siena Court, since Siena Court was motivated to maximize its recovery and had capable representation.

The record reflects that Siena Court did not file written opposition to the motion for leave to intervene.[5] Siena Court argued at the hearing held on April 3, 2007, that University Gardens had no right to enter the case and claim 48 percent of the recovery for repairs to the joint common facilities. Siena Court also asserted that issues pertaining to the performance of the repairs to the joint common facilities, assuming a recovery, would have to be determined at a future time.

### C. *The Trial Court's Order*

The record on appeal contains only a minute order of April 3, 2007, denying University Gardens's motion for leave to intervene. At the hearing on the motion, the trial court indicated that the court was inclined to deny the motion because "it's going to do nothing more than confuse the issues [and] it's going to open up other issues that have nothing to do with this particular contract [between Siena Court and Green Valley]."

## III. DISCUSSION

University Gardens filed a timely appeal from the April 3, 2007 order denying the motion for leave to intervene. It is well established that an order denying a motion to intervene is appealable "because it finally and adversely determines the moving party's right to proceed in the action." (*Hodge v. Kirkpatrick Development, Inc.* (2005) 130 Cal.App.4th 540, 547 [30 Cal.Rptr.3d 303] (*Hodge*); see *City of Malibu v. California Coastal Com.* (2005) 128 Cal.App.4th 897, 901, fn. 2 [27 Cal.Rptr.3d 501].) University

---

or construction of an improvement to real property more than 10 years after the substantial completion of the development or improvement for any of the following: [¶] (1) Any latent deficiency in the design, specification, surveying, planning, supervision, or observation of construction or construction of an improvement to, or survey of, real property. [¶] (2) Injury to property, real or personal, arising out of any such latent deficiency."

[5] At the April 3, 2007 hearing on the motion counsel for Siena Court indicated that a joinder in Green Valley's opposition to the motion had been filed. However, the joinder was not included in the record on appeal.

Gardens argues that the trial court erred because it is entitled to intervene in the construction defect action under the criteria set forth in Code of Civil Procedure section 387, subdivisions (a) and (b), for permissive and mandatory intervention. We will address each type of intervention in turn.

### A. *Mandatory Intervention*

#### 1. The Governing Statute

We address mandatory intervention first because, if mandatory intervention is proper, it is not necessary to reach the issue of discretionary intervention. Mandatory intervention is governed by section 387, subdivision (b), which provides, "If any provision of law confers an unconditional right to intervene or if the person seeking intervention claims an interest relating to the property [or] transaction which is the subject of the action and that person is so situated that the disposition of the action may as a practical matter impair or impede that person's ability to protect that interest, unless that person's interest is adequately represented by existing parties, the court shall, upon timely application, permit that person to intervene."

"Subdivision (b) of Code of Civil Procedure section 387 was adopted in 1977. (See Historical and Statutory Notes, 14 West's Ann. Code Civ. Proc. (2004 ed.) foll. § 387, p. 383.)" (*Hodge, supra,* 130 Cal.App.4th at p. 555.) "Subdivision (b) . . . is in substance the exact counterpart to rule 24(a)[6] of the Federal Rules of Civil Procedure (28 U.S.C.); ' "[t]herefore, the Legislature must have intended that they should have the same meaning, force and effect as have been given the federal rules by the federal courts [citations]." ' [Citation.]" (*Hodge, supra,* 130 Cal.App.4th at p. 556.)

In determining whether an unconditional right to intervene exists under section 387, subdivision (b), the threshold question is whether the person seeking intervention has "an interest relating to the *property* [or] *transaction* which is the subject of the action." (§ 387, subd. (b), italics added; see *Mylan Laboratories Inc. v. Soon-Shiong* (1999) 76 Cal.App.4th 71, 78 [90 Cal.Rptr.2d 111] (*Mylan*); *California Physicians' Service v. Superior Court* (1980) 102 Cal.App.3d 91, 96 [162 Cal.Rptr. 266] (*California*

---

[6] Rule 24(a) of the Federal Rules of Civil Procedure (28 U.S.C.) provides, "On timely motion, the court must permit anyone to intervene who: [¶] (1) is given an unconditional right to intervene by a federal statute; or [¶] (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

*Physicians*).) The United States Supreme Court has stated that the " 'interest relating to the property or transaction which is the subject of the action,' " that must be shown by a person seeking intervention of right under rule 24(a)(2) of the Federal Rules of Civil Procedure (28 U.S.C.), "is a significantly protectable interest." (*Donaldson v. United States* (1971) 400 U.S. 517, 531 [27 L.Ed.2d 580, 91 S.Ct. 534].)

In addition to demonstrating an interest in the property or transaction that is the subject of the action, a person seeking intervention must also show that he or she "is so situated that the disposition of the action may as a practical matter impair or impede that person's ability to protect that interest." (§ 387, subd. (b); see *Hodge, supra,* 130 Cal.App.4th at p. 554.) Once this showing is made, the court must permit the person to intervene unless the "person's interest is adequately represented by existing parties." (§ 387, subd. (b); see *Hodge, supra,* 130 Cal.App.4th at pp. 554–555.) Thus, as Justice Brennan explained in his concurring opinion in *Stringfellow v. Concerned Neighbors in Action* (1987) 480 U.S. 370, 382 [94 L.Ed.2d 389, 107 S.Ct. 1177], footnote 1, "[A]n intervenor of right has by definition . . . an interest at stake which the other parties will not fully protect, and which the intervenor can fully protect only joining the litigation. Rule 24(a). Such a party therefore has an interest in the litigation similar to that of the original parties."

### 2. *Analysis*

In the present case, University Gardens argues that it is entitled to mandatory intervention under section 387, subdivision (b) because (1) the property that is the subject of Siena Court's construction defect action is the joint common facilities, which University Gardens has a 48 percent interest in repairing and maintaining; (2) disposition of the action in University Gardens's absence may impair or impede its ability to protect its interest in the joint common facilities, since it would have no assurance that any recovery from Green Valley would be used to fund University Gardens's 48 percent obligation for the cost of repairs; and (3) University Gardens's interest is not adequately represented by the existing parties, because "Siena Court has every incentive to ignore University Gardens's interest and to allocate a greater amount of damages to non-common area repairs . . . ." University Gardens also argues that it is an indispensable party under section 389, subdivision (a) because it has a direct interest in the joint common facilities defects that are alleged in the action.

Both Green Valley and Siena Court dispute University Gardens's contention that it is entitled to mandatory intervention. Green Valley reasserts its argument below that University Gardens's claims are time-barred under

section 337.15. Further, Green Valley argues that University Gardens's absence will not impair or impede its ability to protect its interest in the joint common facilities, because University Gardens may separately pursue whatever rights it has against Siena Court for repair of the joint common facilities under the joint maintenance and use agreement. Green Valley also maintains that University Gardens's interest in the action, if any, is adequately represented by Siena Court's capable attorneys and its motivation to maximize its recovery.

Siena Court advances the additional argument that University Gardens does not have an interest in the property or transaction that is the subject of Siena Court's construction defect action, as required by section 387, subdivision (b). According to Siena Court, any judgment in the action will not add or detract from University Gardens's legal rights with respect to the repair of the joint common facilities under the joint use and maintenance agreement. Moreover, Siena Court contends that University Gardens was not a party to the construction contract with Green Valley, which is the transaction at issue in the action. Siena Court also rejects University Gardens's claim that it is an indispensable party under section 389, subdivision (a), asserting that the action concerns only Green Valley's liability for repair of defects in the joint common facilities.

The parties also disagree as to whether the standard of review for an order denying mandatory intervention under section 387, subdivision (b) is de novo or abuse of discretion. University Gardens asserts that several appellate courts have implicitly applied the de novo standard of review to an order denying mandatory intervention. (See, e.g., *Redevelopment Agency v. Commission on State Mandates* (1996) 43 Cal.App.4th 1188, 1198 [51 Cal.Rptr.2d 100]; *Hodge, supra,* 130 Cal.App.4th at pp. 548–550; *Mylan, supra,* 76 Cal.App.4th at pp. 78–80; *California Physicians, supra,* 102 Cal.App.3d at pp. 96–98.) Siena Court and Green Valley, on the other hand, contend that the applicable standard is abuse of discretion, citing *Reliance Insurance Co. v. Superior Court* (2000) 84 Cal.App.4th 383 [100 Cal.Rptr.2d 807]. We determine for several reasons that denial was proper under either standard.

First, even assuming that University Gardens made the requisite threshold showing that it has an interest in the property that is the subject of the underlying construction defect action (since University Gardens has an interest in the repair of the allegedly defective joint common facilities), we find that University Gardens has not shown that the disposition of the action in its absence will impair or impede its ability to protect that interest. (§ 387, subd. (b); *Hodge, supra,* 130 Cal.App.4th at p. 554.) University Gardens's interest in the repair of the joint common facilities arises from the joint use

and maintenance agreement between University Gardens and Siena Court, which obligates University Gardens to fund 48 percent of the repair and maintenance costs for the joint common facilities, while Siena Court's obligation is 52 percent. The respective obligations of University Gardens and Siena Court for repair and maintenance of the joint common areas are therefore independent of the issues in the construction defect action, which concern Green Valley's liability to Siena Court for the allegedly defective construction of the Siena Court condominium complex.

Moreover, we agree with Green Valley that a judgment in the construction defect action (whether it is a defense award or a judgment in favor of Siena Court) will have no effect on University Garden's ability to protect its interest in the repair of the joint common facilities under the joint use and maintenance agreement. Should Siena Court fail to meet its contractual obligation to fund 52 percent of the repair and maintenance costs for the joint common facilities, University Gardens may bring a separate action against Siena Court in which their respective obligations under the joint use and maintenance agreement may be determined. Similarly, University Gardens's claim that any recovery received by Siena Court must be applied to University Gardens's 48 percent share of the joint common facilities repair is a claim that may be separately litigated in the event Siena Court receives a recovery. Therefore, we determine that University Gardens need not intervene in the construction defect action in order to protect its interests, and the trial court properly denied mandatory intervention.

### 3. *Indispensable Party*

We also find no merit in University Gardens's alternative claim that it is an indispensable party whose joinder is mandatory in the construction defect action. The criteria for joinder are set forth in section 389, subdivision (a), which provides, "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party."

■ Thus, "[a] determination that a person is a necessary party is the predicate for the determination whether he or she is an indispensable party

[citation] and requires analysis of the three distinct clauses of the above-referenced statute." (*TG Oceanside, L.P. v. City of Oceanside* (2007) 156 Cal.App.4th 1355, 1365 [68 Cal.Rptr.3d 320].) Under clause (1) of subdivision (a) of section 389, "joinder is required only when the absentee's nonjoinder precludes the court from rendering complete justice *among those already joined . . . .*' [Citation.]" (*Countrywide Home Loans, Inc. v. Superior Court* (1999) 69 Cal.App.4th 785, 794 [82 Cal.Rptr.2d 63].) Under clause (2)(i), "absentees should be joined if they claim an interest relating to the subject of the action, and the disposition of the action, in their absence, could 'impair or impede' their ability to protect that interest. (§ 389, subd. (a), cl. (2)(i).)" (*Countrywide Home Loans, Inc.*, at p. 795.) Under clause (2)(ii), joinder is required if the absentee's nonjoinder would expose the defendants to " 'a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.' (§ 389, subd. (a), cl. (2)(ii).)" (*Countrywide Home Loans, Inc.*, at p. 796.)

Here, University Gardens contends that its joinder is necessary because it is a joint obligor with Siena Court under the joint use and management agreement, and it is well established that joint obligors upon the same contract are indispensable parties, citing *Williams v. Reed* (1957) 48 Cal.2d 57, 65 [307 P.2d 353] and *Morrison Drilling Co., Inc. v. Superior Court* (1962) 208 Cal.App.2d 740, 743 [25 Cal.Rptr. 682] (*Morrison*). We disagree. In *Morrison*, the appellate court, citing *Williams v. Reed, supra*, 48 Cal.2d 57, ruled that "joint obligors are indispensable parties to an action brought to enforce a joint liability. [Citation.]" (*Morrison, supra*, 208 Cal.App.2d at p. 743.) However, the rule is not applicable in the present case. The underlying action was not brought to enforce the joint liability of Siena Court and University Gardens on the joint use and maintenance agreement; instead, Siena Court brought the action to enforce Green Valley's liability for the alleged construction defects in the Siena Court condominium complex. Therefore, University Gardens's status as a joint obligor on the joint use and maintenance agreement does not entitle it to joinder as an indispensable party under section 389, subdivision (a).

Having concluded that University Gardens has no right to mandatory intervention or joinder as an indispensable party, we turn to its alternative argument that it is entitled to discretionary intervention.

### B. *Discretionary Intervention*

Permissive or discretionary intervention is governed by section 387, subdivision (a), which provides in pertinent part, "Upon timely application, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding."

■ Thus, as this court has noted, "[p]ursuant to section 387[, subdivision (a)] the trial court has discretion to permit a nonparty to intervene where the following factors are met: (1) the proper procedures have been followed; (2) the nonparty has a direct and immediate interest in the action; (3) the intervention will not enlarge the issues in the litigation; and (4) the reasons for the intervention outweigh any opposition by the parties presently in the action. [Citation.]" (*Reliance Insurance Co. v. Superior Court, supra,* 84 Cal.App.4th at p. 386.) The standard of review for an order denying leave to intervene under section 387, subdivision (a) is abuse of discretion. (*Reliance Insurance Co.,* at p. 386; *City of Malibu v. California Coastal Com., supra,* 128 Cal.App.4th at p. 906.)

Assuming the proper procedures have been followed, the threshold question under section 387, subdivision (a) is whether the party seeking discretionary intervention has a direct and immediate interest in the action. (*Reliance Insurance Co. v. Superior Court, supra,* 84 Cal.App.4th at p. 386.) "The requirement of a direct and immediate interest means that the interest must be of such a direct and immediate nature that the moving party ' "will either gain or lose by the direct legal operation and effect of the judgment." [Citation.]' [Citations.]" (*City and County of San Francisco v. State of California* (2005) 128 Cal.App.4th 1030, 1037 [27 Cal.Rptr.3d 722].) "Conversely, 'An interest is consequential and thus insufficient for intervention when the action in which intervention is sought does not directly affect it although the results of the action may indirectly benefit or harm its owner.' [Citation.]" (*Ibid.*)

In the present case, University Gardens argues that it has a direct interest in Siena Court's construction defect action against Green Valley for two reasons. First, University Gardens relies on Civil Code section 1368.3,[7] which provides in pertinent part that "An association established to manage a common interest development has standing to . . . intervene in litigation . . . in its own name as the real party in interest and without joining with it the individual owners of the common interest development, in matters pertaining to the following: [¶] . . . [¶] (b) Damage to the common area." However,

---

[7] Civil Code section 1368.3 provides, "An association established to manage a common interest development has standing to institute, defend, settle, or intervene in litigation, arbitration, mediation, or administrative proceedings in its own name as the real party in interest and without joining with it the individual owners of the common interest development, in matters pertaining to the following: [¶] (a) Enforcement of the governing documents. [¶] (b) Damage to the common area. [¶] (c) Damage to a separate interest that the association is obligated to maintain or repair. [¶] (d) Damage to a separate interest that arises out of, or is integrally related to, damage to the common area or a separate interest that the association is obligated to maintain or repair."

University Gardens offers no authority for the proposition that intervention under Civil Code section 1368.3, subdivision (b) is authorized absent compliance with the requirements for discretionary intervention under section 387, subdivision (a).

Second, University Gardens contends that it has a direct interest in Siena Court's construction defect action because it has a 48 percent interest in any recovery that Siena Court obtains for repairs to the defects in the joint common facilities. We find no merit in this contention. University Gardens will not gain or lose as result of any judgment in the construction defect action because the judgment will not affect the respective obligations of University Gardens and Siena Court under the joint use and maintenance agreement. (*City and County of San Francisco, supra*, 128 Cal.App.4th at p. 1037.) Moreover, although the results of the construction defect action may indirectly benefit or harm University Gardens, because Siena Court's ability to meet its obligations under the joint use and maintenance agreement may be affected, University Gardens's interest "is consequential and thus insufficient for intervention." (*Ibid.*)

The third requirement for discretionary intervention under section 387, subdivision (a) is a showing that "the intervention will not enlarge the issues in the litigation . . . ." (*Reliance Insurance Co. v. Superior Court, supra*, 84 Cal.App.4th at p. 386.) Here, the trial court determined that University Gardens's intervention in Siena Court's construction defect action would "open up other issues that have nothing to do with this particular contract [between Siena Court and Green Valley]." University Gardens disputes the trial court's finding, arguing that it asserts no new causes of action or legal theories, but merely seeks "to notify defendant Green Valley that 48% of the recovery belongs to University Gardens and 52% to Siena Court."

We agree with the trial court that University Gardens's intervention would improperly enlarge the issues in the litigation of Siena Court's construction defect action. As we have discussed, the construction defect action concerns Siena Court's claim that Green Valley is liable for the alleged construction defects in the Siena Court condominium complex. Thus, to add a claim that University Gardens is entitled to a portion of Siena Court's recovery from Green Valley pursuant to the joint use and maintenance agreement between University Gardens and Siena Court would enlarge the issues. In particular, University Gardens's claim would raise issues concerning the interpretation of the joint use and maintenance agreement with respect to recovery from third parties for repair to the joint common facilities, as well as issues concerning the parties' respective obligations under the agreement.

University Garden's reliance on *Taylor v. Sanford* (1962) 203 Cal.App.2d 330 [21 Cal.Rptr. 697] (*Taylor*) for a contrary result is misplaced. In *Taylor*,

the defendant licensed the use of his chemical compound and agreed to share royalties with the plaintiff, another chemist, who then assigned a portion of his royalties to two other men. After defendant refused to pay royalties, plaintiff sued for an accounting and one-half the royalties received by the defendant. (*Taylor, supra,* 203 Cal.App.2d at pp. 345–346.) Defendant objected to the joinder of the two assignees as coplaintiffs, but the appellate court upheld their joinder as indispensable parties. The court found that "the effect of joining [the assignees] was no more than to notify defendant that 30 per cent thereof belonged to them and 70 per cent to plaintiff. This created no new or different obligation on the part of defendant nor did it enlarge or increase the same. It did not alter the position of defendant to his detriment and no new issue was injected into the cause by their joinder, for their claims were not separate and distinct but entirely dependent upon the claim of the original plaintiff . . . ." (*Id.* at p. 346.)

Thus, *Taylor* is distinguishable because the defendant's liability to the plaintiff and the assignees joined as indispensable parties was based on one licensing agreement. Here, in contrast, the intervention of University Gardens would raise issues arising from two contracts, the original construction contract for the Siena Court condominium complex and the joint use and maintenance agreement between University Gardens and Siena Court. Unlike the joinder of two assignees in *Taylor,* University Gardens's intervention in the present action would add new contractual issues to the litigation.

We therefore determine that University Gardens's motion for leave to intervene failed to satisfy two of the four requirements for discretionary intervention under section 387, subdivision (a). University Gardens has not shown that it has a direct and immediate interest in the litigation, nor has it shown that its intervention would not enlarge the issues. Accordingly, we conclude the trial court did not abuse its discretion in denying discretionary intervention under section 387, subdivision (a).

Having reached this conclusion, we need not address the issues of whether University Gardens's claims are time-barred under section 337.15 or whether its motion for leave to intervene was untimely.[8]

---

[8] We also need not address Siena Court's contention that University Gardens improperly raised an issue for the first time in its reply brief and its request for judicial notice (granted May 7, 2008), as stated in Siena Court's letter, dated May 21, 2008, citing additional authority. At oral argument, Siena Court's appellate counsel objected specifically to University Gardens's argument that its interests could not be adequately represented by Siena Court's trial counsel, due to a conflict of interest, because the issue was raised for the first time in University Gardens's reply brief and its request for judicial notice.

## IV. DISPOSITION

The order of April 3, 2007, denying the motion for leave to intervene is affirmed. Costs on appeal are awarded to respondents.

Rushing, P. J., and Elia, J., concurred.