Filed 2/19/16  Pointe San Diego Residential Community v. Weingarten CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| POINTE SAN DIEGO RESIDENTIAL COMMUNITY, L.P. et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> PALOMBA WEINGARTEN et al., <br><br> Defendants; <br><br> ANZA BUTTERFIELD ROAD 34, LLC, <br><br> Intervener and Appellant. | D066395 <br><br><br> (Super. Ct. No. GIC809277) |

APPEAL from a judgment and orders of the Superior Court of San Diego County, Ronald L. Styn, Judge.  Reversed and remanded with directions.

Best Best & Krieger, Robert J. Hanna, Matthew L. Green and Irene S. Zurko for Intervener and Appellant.

Vivoli Sacuzzo, Michael W. Vivoli; Dentons US and Charles A. Bird for Plaintiffs and Respondents.

Anza Butterfield Road 34, LLC (Anza) appeals a judgment entered in favor of plaintiffs Pointe San Diego Residential Community, L.P., Gosnell Builders Corporation of California, and Pointe SDMU, L.P. (collectively Pointe) and against defendants Palomba Weingarten, W.W.I. Properties, LLC (WWI), Atlas Holdings Corporation, and Astra Management Corp. (collectively Weingarten) and prejudgment orders denying Anza's motions for leave to intervene in the action. As discussed below, Anza contends the trial court erred by denying its motions for leave to intervene in the action and entering the judgment on the parties' stipulation for rescission of some of the various transactions among them that occurred more than 17 years earlier. Anza asserts that, contrary to the court's conclusion, its first motion for leave to intervene in Pointe's fifth cause of action for rescission complied with all of the requirements for mandatory intervention under Code of Civil Procedure section 387, subdivision (b).[1] It also asserts the court erred by entering the judgment on stipulation because the rescission agreement between Pointe and Weingarten is invalid and/or void.

---

[1]     All statutory references are to the Code of Civil Procedure unless otherwise specified.

2

FACTUAL AND PROCEDURAL BACKGROUND[2]

In 2003, Pointe filed the instant action against Weingarten alleging causes of action for rescission of a series of complex 1996 transactions involving the development of a 1,000-acre mixed use real property project known as The Pointe San Diego in the Spring Valley area of San Diego County. The project would include more than 900 single-family residences. As part of the project, Weingarten provided financing to Pointe and received in return certain real property, including the Dictionary Hill (also known as the Private Drive Estates) single-family residential development, title to which was ultimately transferred to WWI. In 2006, WWI obtained a $3.8 million loan from D&A Semi-Annual Mortgage Fund III, L.P. (D&A), secured by a trust deed against the Dictionary Hill property. However, WWI subsequently defaulted on that loan and at a trustee's sale in 2009 D&A acquired title to the Dictionary Hill property. D&A subsequently sold the Dictionary Hill property to GFI-Sabre Springs, Inc., which in turn transferred it to Anza in 2011.

Pointe's fifth cause of action against Weingarten for rescission alleged it transferred real property to WWI based on Weingarten's fraudulent promises and sought partial rescission of the 1996 transactions (i.e., recovery of title to only the Dictionary Hill property). In 2009, Palomba Weingarten's chapter 11 bankruptcy proceeding

---

2    For purposes of deciding this appeal, we need not summarize all of the complex transactions, and extensive litigation following those transactions, among the various parties. For a more detailed discussion of the transactions and prior litigation in this matter, see *Pointe San Diego Residential Community, L.P. v. W.W.I. Properties, L.L.C.* (Jul. 11, 2007, D044695) [nonpub. opn.].

apparently was converted to a chapter 7 proceeding. In December 2013, Pointe and Weingarten entered into an agreement of mutual rescission (Agreement), pursuant to which they purported to rescind the 1996 transaction "in its entirety" and stated that title to the Dictionary Hill property "held by WWI as of January 1996 shall be returned to [Pointe]." Pursuant to the Agreement, Pointe and Weingarten stipulated to entry of a judgment in the instant action in favor of Pointe on its rescission cause of action with the remaining causes of action to be dismissed.

In December 2013, Anza (and D&A) filed a motion for leave to intervene in the action between Pointe and Weingarten, asserting Anza held title to the Dictionary Hill property and its interest in that property was no longer adequately represented by any party in that action.[3] Anza argued the proposed judgment on stipulation submitted to the trial court by Pointe and Weingarten sought the return to Pointe of title to the Dictionary Hill property and a declaration that Pointe's title to that property is superior to any other title.[4] On March 21, 2014, citing Anza's failure to submit a proposed complaint in intervention that would show its position on the pleadings in the action, the court denied

[3]     Because D&A has not filed a notice of appeal challenging the judgment and orders in this case, we limit our discussion to Anza's motions and arguments below and disregard any joint or separate motions and arguments by D&A.

[4]     The proposed judgment on stipulation provided in part: "[Pointe] shall have judgment in their favor on their fifth cause of action for rescission . . . and fee title ownership of the remaining portion of the Pointe San Diego Residential project as of the filing of [Pointe's] complaint, commonly known as [Dictionary Hill] shall vest in [Pointe], and [Pointe's] title shall be superior to any other title as of the date of filing of [Pointe's] complaint."

4

its motion for leave to intervene. In April, Anza filed a second motion for leave to intervene or, alternatively, to renew or reconsider its first motion for leave to intervene. On May 9, the trial court denied that motion on the ground it did not comply with section 1008's requirements for motions for reconsideration. On June 12, the court entered a judgment on stipulation in Pointe's favor on its fifth cause of action for rescission of the parties' 1996 transactions and ordered fee title ownership of the Dictionary Hill property reconveyed to Pointe. In so doing, the court omitted language from the parties' proposed judgment that would have stated: "[Pointe's] title shall be superior to any other title as of the date of filing of [Pointe's] complaint." Rather, the court ordered: "[N]othing in this Judgment shall effect [sic] the rights or priorities of the parties in [Anza's separate quiet title action against Pointe]." Anza timely filed a notice of appeal challenging the judgment and both orders denying its motions for leave to intervene in the action.

## DISCUSSION

### I

### *Anza's Standing to Appeal*

In a cursory fashion, Pointe asserts Anza's appeal must be dismissed because it does not have standing to appeal the judgment and, apparently, the prejudgment orders, arguing Anza was not "aggrieved" by the judgment and orders as required by section 902. It argues that because the judgment preserves Anza's ability to litigate all of its contentions in the quiet title action it filed against Pointe, Anza is not aggrieved and therefore does not have standing under section 902. We disagree.

5

## A

Standing to appeal is jurisdictional and liberally construed. (*People v. Stark* (2005) 131 Cal.App.4th 184, 200 (*Stark*).) Section 902 provides: "Any party aggrieved may appeal . . . ." A person may, in certain circumstances, be sufficiently aggrieved to appeal a judgment whether or not that person is a party of record. (*Stark*, at p. 200 [nonparty has standing to appeal a judgment or order to which the nonparty is bound under the doctrine of res judicata]; *Life v. County of Los Angeles* (1990) 218 Cal.App.3d 1287, 1292; *County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 736; *Burrow v. Pike* (1987) 190 Cal.App.3d 384, 388-392.) To be sufficiently aggrieved by a judgment or order, the appellant's rights or interests must be injuriously affected in an immediate, pecuniary, and substantial way and not in a nominal or remote consequence of the judgment or order. (*Stark*, at p. 201; *Marsh v. Mountain Zephyr, Inc.* (1996) 43 Cal.App.4th 289, 295.)

## B

"An order denying intervention is directly appealable because it finally and adversely determines the right of the moving party to proceed in the action." (*Bame v. City of Del Mar* (2001) 86 Cal.App.4th 1346, 1363; *Siena Court Homeowners Assn. v. Green Valley Corp.* (2008) 164 Cal.App.4th 1416, 1422 (*Siena*).) Anza is entitled to appeal the trial court's orders denying its motions for leave to intervene. (Cf. *ibid.*) Likewise, as an unsuccessful moving party, Anza is a party of record at least as to its motions for leave to intervene.

6

## C

Furthermore, based on our review of the record, we conclude, as a matter of law, Anza was sufficiently aggrieved by the trial court's orders denying its motions for leave to intervene in the instant action that it has standing to appeal those orders. By its denial of Anza's first motion, the court precluded Anza from filing a complaint in intervention on Pointe's rescission cause of action and challenging the parties' proposed judgment on stipulation declaring that title to the Dictionary Hill property vested in Pointe and that its title was superior to any other title as of the date of the filing of its complaint. Anza claimed title to the Dictionary Hill property by virtue of its purchase of the property after Weingarten's lender foreclosed on the trust deed on that property. Pointe's proposed judgment and attempt to reclaim title to the Dictionary Hill property was therefore in direct conflict with Anza's claim of title to that property. Although the judgment ultimately entered by the court after denying Anza's motion to intervene omitted language that Pointe's title was superior to any other claims to title, it nevertheless ordered that fee title ownership of the Dictionary Hill property was reconveyed to Pointe. In denying Anza's motion to intervene and entering that judgment, the court injuriously affected Anza's rights or interests in the Dictionary Hill property in an immediate, pecuniary, and substantial way and not in a nominal or remote consequence of the judgment or order.[5] (*Stark*, *supra*, 131 Cal.App.4th at p. 201; *Marsh v. Mountain*

---

[5] Furthermore, Anza was also aggrieved by Pointe's defensive use of the judgment on stipulation in Anza's separate quiet title action against Pointe. In that action, Pointe argued the judgment on stipulation, along with its lis pendens, showed its title to the Dictionary Hill property had priority over Anza's claim of title to that property.

7

*Zephyr, Inc.*, *supra*, 43 Cal.App.4th at p. 295.) Contrary to Pointe's assertion, the fact the judgment included language providing that "nothing in this Judgment shall effect [sic] the rights or priorities of the parties in [Anza's separate quiet title action against Pointe]" does not show Anza was not, or could not have been, aggrieved by the order and judgment. By virtue of the orders and judgment, Anza was required to prosecute its separate quiet title claim and otherwise incur additional costs in defending its claim of title to the Dictionary Hill property. We conclude Anza was aggrieved not only by the orders denying its motions to intervene but also by the judgment entered "reconveying" title of the Dictionary Hill property to Pointe. Anza has standing to appeal those orders and the judgment.

## II

### *Order Denying Anza's First Motion for Leave to Intervene*

Anza contends the trial court erred by denying its first motion for leave to intervene. It argues its motion for leave to intervene in the fifth cause of action for rescission complied with all of the requirements for mandatory intervention under section 387, subdivision (b), and the court wrongly denied its motion based on its failure to submit a proposed complaint in intervention.

### A

As discussed above, Pointe and Weingarten entered into the Agreement pursuant to which they purported to rescind the 1996 transaction "in its entirety" and stated that title to the Dictionary Hill property "held by WWI as of January 1996 shall be returned to [Pointe]." They stipulated to entry of a judgment in the instant action in favor of Pointe

8

on its rescission cause of action. Anza then filed a motion for leave to intervene in the action, asserting it held title to the Dictionary Hill property and its interest in that property was no longer adequately represented by any party in that action. It argued the parties' proposed judgment on stipulation submitted to the trial court sought the return to Pointe of title to the Dictionary Hill property and a declaration that Pointe's title to that property is superior to any other title.

Pointe opposed Anza's motion for leave to intervene, arguing Anza unreasonably delayed in seeking to intervene and had failed to submit a proposed complaint in intervention. Citing *Bowles v. Superior Court* (1955) 44 Cal.2d 574 (*Bowles*), it argued: "On a very basic level, the motion to intervene here is improper as it fails to include a proposed complaint in intervention. Case law is clear that the Court must be presented with the proposed pleading to evaluate whether it presents an appropriate case for intervention. . . . Here, as no proposed pleading has been included with the moving papers, this motion must be denied as procedurally inadequate and incomplete." Regarding Anza's purported unreasonable delay, Pointe argued that its delay was "made more egregious by the fact Anza and D&A have been aware . . . that the outcome of this action had the absolute potential, and indeed the likelihood[,] of harming their title in the Dictionary Hill Property."

The trial court denied Anza's motion for leave to intervene. In so doing, it first quoted language from *Bowles* that the right to intervene is statutory and a person should be allowed to intervene only if he or she takes a position on the pleadings. It also noted that in *Bowles* the moving party submitted a proposed complaint in intervention that did

9

not meet those requirements. Applying that law to this case, the court stated: "[Anza] fail[ed] to submit any proposed complaint in intervention. Thus, it is unknown whether [it] 'take[s] a position on the pleadings in accordance with the requirements of section 387.' " The court rejected Anza's argument that Pointe was well aware from its motion for leave to intervene, as well as from its prior filings in the case, that Anza sought to resume the defense of Pointe's rescission cause of action Weingarten had abandoned. The court concluded: "Irrespective of what [Anza] may have stated in previous motions and filings with the court, *absent a pleading setting forth* [Anza's] *claims in this case*, [it] *fail*[s] *to meet the statutory requirements for intervention*." (Italics added.)

B

Section 387 provides two alternative means for intervention in an action (i.e., either permissive or mandatory intervention). Section 387, subdivision (a), provides for permissive intervention. Subdivision 387, subdivision (b), on which Anza relies in this appeal, was added in 1977 and provides for mandatory intervention, stating:

> "If any provision of law confers an unconditional right to intervene or *if the person seeking intervention claims an interest relating to the property* or transaction which is the subject of the action *and that person is so situated that the disposition of the action may as a practical matter impair or impede that person's ability to protect that interest*, unless that person's interest is adequately represented by existing parties, the court shall, upon timely application, permit that person to intervene." (Italics added; see Historical and Statutory Notes, 14 West's Ann. Code Civ. Proc. (2004 ed.) foll. § 387, p. 383.)

The threshold question for mandatory intervention under section 387, subdivision (b), is whether the person has an interest relating to the property or transaction that is the subject

10

of the action.  (*Siena*, *supra*, 164 Cal.App.4th at p. 1423.)  If that threshold showing is made, the person must then show he or she " 'is so situated that the disposition of the action may as a practical matter impair or impede that person's ability to protect that interest.' "  (*Id*. at p. 1424.)  "Once this showing is made, the court must permit the person to intervene unless the 'person's interest is adequately represented by existing parties.' "  (*Ibid*.)

## C

Anza asserts that because it satisfied all of the statutory requirements for mandatory intervention under section 387, subdivision (b), the trial court erred by denying its motion for leave to intervene in the instant action.  It argues the court erred by denying its motion based on its failure to submit with its motion a proposed complaint in intervention.  Anza argues that neither section 387, subdivision (b), nor relevant case law (e.g., *Bowles*), requires the submission of a proposed complaint in intervention for mandatory intervention to be granted.

We agree with Anza and conclude neither the statutory language of section 387, subdivision (b), nor relevant case law require a person to submit a proposed complaint in intervention before a trial court may grant a motion for mandatory intervention.  On the contrary, absent an unconditional statutory right to intervene, section 387, subdivision (b), requires the moving person to show only three elements: (1) an interest relating to the property or transaction that is the subject of the action; (2) he or she is so situated that the disposition of the action may, as a practical matter, impair or impede that person's ability

11

to protect that interest; and (3) the person's interest is not adequately represented by existing parties. (*Siena*, *supra*, 164 Cal.App.4th at pp. 1423-1424.)

There is nothing in the language of section 387, subdivision (b), that requires the moving person to submit a proposed complaint in intervention. Likewise, contrary to the trial court's conclusion, there is no published case of which we are aware that requires submission of a proposed complaint in intervention as part of a section 387, subdivision (b), motion. *Bowles*, cited by Pointe and relied on by the trial court, not only is factually inapposite, but also does not stand for the proposition on which the court apparently relied. *Bowles* was decided in 1955 when section 387 provided for only permissive intervention. The language of section 387 at that time was substantially the same as that included in the current version of section 387, subdivision (a). (See § 387, subd. (a); *Bowles*, *supra*, 44 Cal.2d at p. 588, fn. 5.) Accordingly, *Bowles* could not, and did not, address the statutory requirements for mandatory intervention, which appear in section 387, subdivision (b), and were enacted in 1977. In any event, *Bowles* does not hold that a proposed complaint in intervention is required for permissive intervention under section 387. Rather, in that case the moving person had submitted a proposed complaint in intervention, but that proposed complaint did not reveal what the person's position was on the pleadings in that case. (*Id*. at p. 589.) There is nothing in *Bowles* that holds a moving person is required to submit a proposed complaint in intervention to disclose what position he or she takes on the pleadings in the case. Anza's omission of a proposed complaint in intervention was not a ground on which the trial court could deny its motion for leave to intervene.

12

Furthermore, assuming arguendo that a fourth (and nonstatutory) element is required for mandatory intervention under section 387, subdivision (b), namely, a showing of the moving person's position on the pleadings in the action per *Bowles*, that showing was clearly made by Anza in the circumstances of this case. It sought to intervene in the case to defend Pointe's rescission cause of action and prevent the reconveyance of the Dictionary Hill property from Weingarten to Pointe. It clearly did so because it claimed title to that same property. At a minimum, Anza's moving papers implicitly, if not expressly, disclosed that Anza sought to defend Pointe's fifth cause of action for rescission of the 1996 transaction with Weingarten and Pointe's attempt to obtain reconveyance to it of the Dictionary Hill property. Anza's moving papers, especially considering its prior filings in the matter, left no doubt that it claimed title to the Dictionary Hill property and sought to prevent Pointe from rescinding its 1996 transaction with Weingarten and obtaining a reconveyance to it of the Dictionary Hill property. No person could reasonably infer that Anza sought to intervene in the case to support Pointe's attempt to regain title to the Dictionary Hill property. Therefore, even if Anza was required to disclose its position on the pleadings in the case, it adequately did so. The trial court erred by denying Anza's motion on that ground.

D

We address the question of whether Anza satisfied all three requirements for mandatory intervention under section 387, subdivision (b). Pointe concedes Anza satisfied the first and third requirements (i.e., (1) Anza had an interest relating to the Dictionary Hill property that is the subject of the action; and (3) its interest was not

13

adequately represented by existing parties (e.g., Weingarten)). Rather, Pointe argues Anza did not meet its burden to show the second element, i.e., Anza was so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest. (§ 387, subd. (b); *Siena*, *supra*, 164 Cal.App.4th at p. 1424.)

Based on our independent review of Anza's moving papers and the circumstances of this case, we conclude Anza satisfied its burden to show it was so situated that the disposition of Pointe's rescission cause of action *may*, as a practical matter, *impair or impede* its (Anza's) ability to protect its interest in the Dictionary Hill property. At the time of Anza's motion, Pointe had submitted a proposed judgment on stipulation that would not only return to Pointe title to the Dictionary Hill property, but also would declare that Pointe's title to that property was superior to any other title (e.g., Anza's claim to title). Thus, Anza's ability to protect its interest in the Dictionary Hill property was potentially impaired or impeded by Pointe's rescission cause of action and, in particular, its attempt to obtain a judgment on stipulation that would directly contravene, or conflict with, Anza's claim of title to that property.

Contrary to Pointe's assertion, the fact that Anza filed a separate quiet title action against it the day before Anza filed its motion for leave to intervene in this action does not show that Pointe's rescission cause of action and proposed judgment on stipulation could not possibly impair or impede Anza's ability to protect its interest in the Dictionary Hill property. Rather, Anza's separate quiet title action was simply another means by

14

which it sought to protect its claim of title to the Dictionary Hill property.[6] Anza had no assurance that its separate action would be successful. Furthermore, had Anza been allowed to intervene in the instant action, it is possible it may have been able to prevent the entry of the judgment on stipulation that awarded to Pointe mutual rescission of the 1996 transaction and reconveyance to Pointe of the Dictionary Hill property. Had Anza been successful in preventing entry of that judgment, its separate quiet title action against Pointe may have become unnecessary and moot. Based on the same reasoning, we also reject Pointe's assertion that Anza's ability to protect its interest in the Dictionary Hill property could not have been impaired or impeded (or that Anza was not aggrieved or prejudiced) by Pointe's rescission cause of action and the judgment on stipulation entered thereon because that judgment included a provision stating it did not affect the rights or priorities of the parties in Anza's separate quiet title action. We conclude Anza carried its burden to show it satisfied the second element for mandatory intervention under section 387, subdivision (b).

E

Although Pointe appears to have abandoned on appeal its argument below that Anza unduly delayed in moving for leave to intervene, we nevertheless briefly address

---

6     Pointe also misstates Anza's burden in moving for leave to intervene. It argues that because Anza did not show its separate quiet title action could not have protected its interest in the Dictionary Hill property, it did not carry its burden in moving for leave to intervene. On the contrary, it was not Anza's burden to show there were no other means for it to protect its interest in the Dictionary Hill property. Rather, its burden on the second element was to show it was so situated that disposition of Pointe's rescission cause of action may, as a practical matter, impair or impede its ability to protect its interest in that property. (§ 387, subd. (b).) We conclude Anza met that burden.

15

that issue. Until such time as Weingarten ceased actively defending Pointe's rescission cause of action against it and entered into the Agreement with Pointe, Anza had no reason to intervene because Weingarten presumably was adequately representing its interest in the Dictionary Hill property by defending the rescission cause of action. However, on December 11, 2013, when Weingarten ceased her defense of that cause of action and entered into the Agreement, Anza's interest in the Dictionary Hill property was no longer adequately represented in the action. (§ 387, subd. (b).) By any standard, Anza acted promptly by moving for leave to intervene in the action on December 18, 2013, only one week after Weingarten entered into the Agreement. We conclude Anza timely filed its motion for leave to intervene in the action.

F

Because we conclude the trial court erred by denying Anza's first motion for leave to intervene in the action under section 387, subdivision (b), we need not, and do not, address whether the court also erred by denying that motion to the extent it sought permissive intervention under section 387, subdivision (a). Likewise, because we conclude the court erred by denying Anza's first motion for leave to intervene, we need not, and do not, address whether the court erred by denying Anza's second motion for leave to intervene or, alternatively, to renew or reconsider its first motion for leave to intervene.

Furthermore, because we conclude the trial court erred by denying Anza's first motion for leave to intervene, we need not, and do not, address whether the trial court should have denied the parties' request for entry of the judgment on stipulation because

16

the Agreement was void and/or invalid for not requiring full restoration of the parties' pre-1996 positions. Although Anza made substantive legal arguments below and argues on appeal that the judgment on stipulation should be reversed because it was based on the Agreement that was void and/or invalid for failure to require full restoration of the parties' positions, we reverse the judgment instead because, as discussed below, the court prejudicially erred by denying Anza's motion for leave to intervene in the action.

III

*Anza's Requests for Judicial Notice*

During the pendency of this appeal, Anza filed two motions for judicial notice. On January 30, 2015, it requested that we take judicial notice of Pointe's fifth amended complaint against Procopio, Cory, Hargreaves & Savitch, LLP, and Steven Strauss for negligence and legal malpractice arising out of their representation of Pointe. In its motion, Anza argues that separate action by Pointe shows the Agreement did not require the full restoration of the parties' positions because it does not require the return of $3.8 million paid by Atlas Holdings Group, Inc., to purchase a $108 million note held by Long Term Credit Bank of Japan or restoration of about $12 million in personal tax benefits received by Palomba Weingarten by virtue of the 1996 transactions. Anza also argues it shows Pointe alleges its former counsel committed malpractice by dismissing its rescission cause of action because rescission would have required Weingarten to return the value of the tax benefits, less the amount of her cash outlay. On February 19, 2015, we issued an order stating we would consider the request for judicial notice concurrently with the appeal. We now deny that request for judicial notice.

17

On November 5, 2015, Anza filed a second motion for judicial notice. Anza requests that we take judicial notice of various documents filed in its separate quiet title action against Pointe, including: (1) the September 2, 2015, judgment entered in Anza's favor; (2) Anza's trial brief; (3) Pointe's trial brief; (4) the trial court's statement of decision; (5) Pointe's notice of appeal challenging the September 2, 2015, judgment; and (6) the notice of filing of Pointe's notice of appeal. On December 1, 2015, we issued an order stating we would consider the request for judicial notice concurrently with the appeal. Because the above documents are relevant to the issues in this appeal and consist of records of the trial court, we grant Anza's request and take judicial notice of them. (Evid. Code, §§ 459, 452, subd. (d).)

IV

*Prejudice*

To the extent Pointe argues the trial court's error in denying Anza's motion for leave to intervene was not prejudicial, we disagree. Had the court granted Anza's motion, it presumably would have been able to file a complaint in intervention, oppose the Agreement and the parties' proposed judgment on stipulation, and otherwise defend Pointe's rescission cause of action. Furthermore, given Anza's argument below and on appeal regarding the failure of the Agreement to fully restore the parties to their former positions (which argument Pointe does not refute on appeal), we believe it is reasonably probable Anza would have obtained a more favorable result had the court granted its motion for leave to intervene. (*People v. Watson* (1956) 46 Cal.2d 818, 836.) Alternatively stated, there is a reasonable chance, more than an abstract possibility, the

18

court would not have entered judgment in Pointe's favor on its rescission cause of action and, in particular, would not have ordered the Dictionary Hill property reconveyed to Pointe. (*College Hospital Inc. v. Superior Court* (1994) 8 Cal.4th 704, 715.) Therefore, the court's error in denying Anza's motion for leave to intervene also requires reversal of its judgment on stipulation.

## DISPOSITION

The March 14, 2014, order denying Anza's motion for leave to intervene and the judgment entered on June 12, 2014, are reversed and the matter is remanded with directions that the trial court vacate its March 14, 2014, order and issue a new order granting Anza's motion for leave to intervene under section 387, subdivision (b), and conduct further proceedings consistent with this opinion. Anza shall recover its costs on appeal.

McDONALD, J.

WE CONCUR:

HUFFMAN, Acting P. J.

NARES, J.