[No. 14576. In Bank. — March 10, 1892.]

## FRANZ KIRSCH, RESPONDENT, v. J. S. DERBY, AP-PELLANT.

APPEAL — PERSONAL JUDGMENT AGAINST EXECUTOR — ORDER DISPENSING
    WITH UNDERTAKING — MOTION TO DISMISS. — Where a complaint, in
    effect, charged that the defendant, as executor of the estate of a decedent,
    collected a sum of money belonging to the plaintiff, and that as such ex-
    ecutor he claimed the right to retain it, and further alleged a demand

upon the defendant for the money, and his refusal to pay, and asked for a personal judgment against him for the amount claimed, and the trial court, after a judgment by default against the defendant personally, made an order dispensing with an undertaking on appeal, which order recited that it appeared that the defendant was an executor and was about to appeal from such judgment, a motion to dismiss the appeal because of the failure of the appellant to file an undertaking on appeal will be denied.

ID. — CONSTRUCTION OF CODE — DISCRETION OF COURT — MATTER INVOLVING RIGHT OF ESTATE. — Under section 946 of the Code of Civil Procedure, providing that when an appellant is an executor the court may, in its discretion, dispense with the undertaking on appeal, it is not indispensably necessary that a judgment should be rendered against an executor of an estate in his representative capacity, in order to warrant the court in dispensing with the undertaking, but it is sufficient if it is made to appear to the court that the matter in litigation really involves the rights of the estate, and that if the judgment is unreversed the property rights of such estate will be affected and its assets diminished.

MOTION to dismiss an appeal from a judgment of the Superior Court of Alameda County. The facts are stated in the opinion of the court.

*Nye & Richardson*, for Appellant.

*Dodge & Fay*, for Respondent.

DE HAVEN, J. — Motion to dismiss an appeal from a judgment rendered in favor of plaintiff and against defendant. The ground of the motion is, that no undertaking on appeal has been filed.

In the complaint it is averred that the defendant is the duly appointed, qualified, and acting executor of the estate of Julia Kirsch, deceased, and also, "that on or about the 22d of May, 1890, the defendant, as such executor as aforesaid, received the sum of $3,725 from the German Savings and Loan Society, a corporation, to and for the use and belonging to plaintiff." The complaint further alleges plaintiff's demand upon defendant for the money, and his refusal to pay, and asks for a personal judgment against him for the amount named. The defendant did not answer, and judgment by default was rendered against him personally, as prayed for in the complaint.

The court below, upon motion of defendant's attorneys,

made an order under section 946 of the Code of Civil
Procedure dispensing with the undertaking on appeal,
which order also recites that it appeared that the defend-
ant was an executor, and about to appeal from the judg-
ment. We cannot say from the record that this order was
made in a case to which section 946 of the Code of Civil
Procedure does not apply. That section provides that
when the appellant is an executor, or other person act-
ing in another's right, the court may, in its discretion,
dispense with the security required by the chapter of the
code in which that section is found. It is not indispen-
sably necessary, in order to bring a case within this sec-
tion, that a judgment should have been rendered against
the appellant in his representative capacity. It is suffi-
cient if it is made to appear to the court that the matter
in litigation really involves the rights of the estate, and
that if the judgment is unreversed the property rights
of such estate will be affected and its assets diminished.
Thus in this case, if the defendant had answered, and
claimed the right to retain as funds of the estate of
which he is executor the money sued for in this ac-
tion, and this issue had been found against him, and
judgment thereupon rendered against him personally as
here, it would seem clear that in appealing from such
judgment he would be really acting for the estate. Such
appeal would be a continued assertion by him of the right
of the estate to the fund in controversy. And it makes no
difference that in this case no such answer has been filed
by the appellant. As we construe the complaint, it, in
effect, charges that the defendant collected the money
sued for in his capacity as executor, and claims the right
as such executor to retain it, and not otherwise. If this
be so, and he is allowed to retain it, he would be com-
pelled to charge himself with such money in his account
as executor, and the same would be subject to distribu-
tion as assets of the estate. If, however, the money sued
for rightfully belongs to plaintiff, and not to the estate of
which defendant is executor, and this is what the judg-
ment appealed from determines, then, if already charged

with it, the defendant would be entitled to a credit therefor upon showing this fact, and that he had been compelled, without fault on his part, to pay it to plaintiff under such judgment.

Whether a personal judgment against the defendant was proper, under the complaint, is a question which involves the merits of the appeal, and upon which we express no opinion at this time.

Motion to dismiss appeal denied.

McFarland, J., Harrison, J., Sharpstein, J., and Beatty, C. J., concurred.