[Civ. No. 11106. First Appellate District, Division One.—May 24, 1939.]

JOSEPH P. FALLON et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

50

Walter E. Drobisch for Petitioners.

Tobin & Tobin and George A. Clough for Respondents.

WARD, J.—This is an application for the issuance of a writ of prohibition to the Superior Court of the State of California in and for the City and County of San Francisco and one of the judges thereof to restrain, during the pendency of appeal, the granting of a motion to vacate an order setting aside a judgment.

The litigation had its inception in a case entitled *"Ben Liebman et al.* v. *M. L. Choynski"* wherein plaintiffs for themselves and on behalf of others owning parcels in a tract of land sought to enjoin defendant from erecting or using any building within the alleged restricted tract for commercial purposes. The defendant Choynski filed an answer and a cross-complaint to quiet title. Judgment was rendered in favor of the defendant. Subsequently the petitioners in the present proceeding, as alleged interested parties, filed a motion to set aside and vacate the judgment and to permit them to appear as plaintiffs and file an answer to the cross-complaint; further, that the issue be tried upon the merits. This motion was granted.

Section 382 of the Code of Civil Procedure permits an action to be brought by one or more parties on behalf of others when the parties are numerous. This is a statutory provision based upon the common law theory of convenience to the parties when one or more fairly represent the rights of others similarly situated who could be designated in the controversy. It is known as the doctrine of virtual representation, and such representees if sufficiently represented are bound by the order or judgment made. The sufficiency of the representa-

tion is generally gauged by the good faith of the representors and the effect of the order or judgment upon the unnamed parties. As a matter of protection to such parties, there is a general rule, subject to exception, that one who has a valuable disclosed interest, as appears directly or indirectly from the pleadings, or who is commonly and generally interested, and has not had his day in court by reason of collusion between some of the parties named in the pleadings, may, if good cause appear therefor, be permitted to intervene or enter the ranks of the plaintiffs or defendants as the facts warrant.

In support of the motion to set aside the judgment, petitioners filed an affidavit setting forth in effect that there was an agreement between some of the plaintiffs to the original suit and the defendant in the establishment of a nominal presentation of the interests of the petitioners herein, which resulted in an imposition upon the court; that the action was not instituted in good faith on behalf of all of the property owners of the tract, but was in fact filed for the purpose of depriving the petitioners herein of valuable property rights and without their knowledge of the institution of the proceedings, and that the allegation in the complaint that plaintiffs represented affiants was false and untrue. These averments raised issues of fact. We do not pass upon their truth in this proceeding, but if believed by the judge to whom the motion was presented, there was ample ground to justify the order setting aside the judgment. (*Crescent Canal Co.* v. *Montgomery,* 124 Cal. 134 [56 Pac. 797].) Thereafter the defendant and cross-complainant appealed to the Supreme Court from the order granting the motion. This appeal has been transferred to the District Court of Appeal for hearing. During the pendency of the appeal defendant and cross-complainant seeks an order from the superior court vacating the order setting aside the judgment.

An appeal does not deprive the trial court of jurisdiction to vacate a void order. If it is void upon its face, it may be set aside at any time. If it is void in fact for want of jurisdiction, but not void upon its face, a separate action of attack is the preferable procedure (*Isert* v. *Riecks,* 195 Cal. 569 [234 Pac. 371]), but if there is an absence of jurisdiction and this becomes certain from an inspection of

the entire record, the trial court is not precluded from taking proper action though an appeal is pending.

The motion to set aside the order vacating the judgment was presented to a second judge, successor to the presiding judge of the law and motion department of the court who set aside the judgment. According to the petition the second judge has given notice of his intention to grant the motion. Except in the manner prescribed by statute a superior court may not set aside an order regularly made. (*United Railroads* v. *Superior Court,* 170 Cal. 755 [151 Pac. 129, Ann. Cas. 1916E, 199]; *Eisenberg* v. *Superior Court,* 193 Cal. 575 [226 Pac. 617].) The motion is made upon the ground that petitioners herein were not parties to the original action, and that the order vacating the judgment was void. In paragraph IV of respondents' answer to the present petition, it is alleged, relative to these same parties, that they "were in law and in equity parties to the said action, and were bound by the judgment and decree". Irrespective of the inconsistent position taken by respondents herein, the present motion pending in the superior court is directed to the identical jurisdictional question once decided. The hearing would in fact be a review by the same court of the validity of the judgment. Reviews of judicial orders by the same court are not countenanced except to cure clerical errors or determine jurisdictional questions, but the identical jurisdictional question in dispute has been determined. An order affirming the last order would be judicially an idle act. (*Estate of Vizelich,* 123 Cal. App. 651 [11 Pac. (2d) 870].) An order setting aside the order vacating the judgment would in effect be a reversal of an adjudicated issue. The perfection of the appeal removed from the superior court jurisdiction over the matters embraced in the order appealed from. In *Holtum* v. *Greif,* 144 Cal. 521, 524 [78 Pac. 11], the court said: "The decisions of this court are numerous and uniform to the effect that a judgment or order once regularly entered can be reviewed and set aside only in the modes prescribed by statute. If they have been entered prematurely, or by inadvertence, they may be set aside on a proper showing (*Odd Fellows' Sav. Bank* v. *Deuprey,* 66 Cal. 168, 170 [4 Pac. 1173], and cases cited), and if the order as entered is not the order as made, the minutes may be corrected so as to make them speak the truth (*Garoutte* v. *Haley,* 104 Cal. 497 [38 Pac.

194], and cases cited), but subject to these exceptions the order is reviewable only on appeal, and the decision of the trial court once having been made after regular submission of the motion its power is exhausted—it is *functus officio.*" "If this were not true there would be no end to litigation." (*Hogan* v. *Horsfall,* 91. Cal. App. 37, 42 [266 Pac. 1002].)

The demurrer is overruled. Let the writ issue as prayed.

Knight, Acting P. J., concurred.