[Civ. No. 11094. First Appellate District, Division One.—March 1, 1940.]

BEN LIEBMAN et al., Plaintiffs; JOSEPH P. FALLON et al., Respondents, v. M. L. CHOYNSKI, Appellant.

Tobin & Tobin and George A. Clough for Appellant.

Walter E. Drobisch for Respondents.

WARD, J.—This is an appeal from an order vacating a judgment rendered in favor of defendant and cross-complainant upon a motion interposed by six intervening plaintiffs. The history of the litigation will be found in *Fallon* v. *Superior Court,* 33 Cal. App. (2d) 48 [90 Pac. (2d) 858], and the points involved in the present appeal were raised and decided in that proceeding except that herein some consideration should be given to the appellant's contention that the moving parties failed to show that a different conclusion would result if the present judgment were set aside and a new trial granted, and that defendant and appellant was not permitted to file an answer to the motion to vacate the judgment.

The motion to set aside and vacate the judgment was accompanied by an affidavit setting forth that interested parties had not been served with summons in the action and had no timely notice of its pendency or of the judgment rendered therein; that the plaintiffs in the suit as originally brought did not represent "in good faith" the parties seeking to set aside the judgment; that the representations made to the court in the trial of the cause were false and untrue and that only a nominal defense to defendant's cross-complaint was presented. In support of the motion, a proposed answer to the cross-complaint, presented and subsequently ordered filed, put in issue the facts in controversy, which, if found to be true, would require a different judgment.

Appellant, the defendant and cross-complainant, did not meet the affidavit in support of the motion to vacate the judgment by a counteraffidavit; instead he filed a demurrer to the motion. Assuming, but not approving, the propriety of testing the sufficiency of the facts alleged in support of the motion, by demurrer, without a countershowing when the

demurrer was overruled, it would have been an easy matter to have requested the court to permit the filing of an answer or countershowing to the motion to vacate the judgment instead of appealing within eleven days after the ruling thereon.

The order vacating and setting aside the judgment is affirmed.

Peters, P. J., and Knight, J., concurred.