[Civ. No. 45217. First Dist., Div. One. Feb. 16, 1979.]

JOHN MALLICK, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
COUNTY OF MARIN et al., Real Parties in Interest.

**COUNSEL**

Lynn S. Carman for Petitioner.

No appearance for Respondent.

Douglas J. Maloney, County Counsel, for Real Parties in Interest.

## OPINION

NEWSOM, J.—Petitioner is the class representative in an action against the Golden Gate Bridge, Highway and Transportation District (hereinafter District). The real party in interest County of Marin (hereinafter County) is the ostensible representative in an identical action against the District.

Both the County and petitioner obtained identical judgments and the District has appealed both to this court. Petitioner meanwhile has reached a settlement with the District, but conditioned his approval on the County's acceptance of the same settlement. The County, however, insists that the District agree not to oppose legislation adding another Marin member to the District's board, a condition the latter declined to accept.

Petitioner thereupon filed a motion in the superior court to intervene in the County's action, to vacate the judgment in the County's action, and to remove the County as the class representative in the County's action. The County opposed the motions on the ground its appeal divested the court of jurisdiction and the superior court agreed, denying the motions on grounds it lacked jurisdiction. Petitioner filed the instant petition and we granted an alternative writ.

I

We have summarily concluded that, since the County's action against the District is on behalf of users and consumers of the services of the bridge and District, petitioner falls within that class and is thus entitled to appear in the action. (*Fallon* v. *Superior Court* (1939) 33 Cal.App.2d 48 [90 P.2d 848]; and cf. *Lindsay-Strathmore I. Dist.* v. *Superior Ct.* (1920) 182 Cal. 315, 326 [187 P. 1056].) As the court explained in *Fallon, supra*: "Section 382 of the Code of Civil Procedure permits an action to be brought by one or more parties on behalf of others when the parties are numerous. This is a statutory provision based upon the common law theory of convenience to the parties when one or more fairly represent the rights of others similarly situated who could be designated in the

controversy. It is known as the doctrine of virtual representation, and such representees if sufficiently represented are bound by the order or judgment made. The sufficiency of the representation is generally gauged by the good faith of the representors and the effect of the order or judgment upon the unnamed parties. As a matter of protection to such parties, there is a general rule, subject to exception, that one who has a valuable disclosed interest, as appears directly or indirectly from the pleadings, or who is commonly and generally interested, and has not had his day in court by reason of collusion between some of the parties named in the pleadings, may, if good cause appear therefor, be permitted to intervene or enter the ranks of the plaintiffs or defendants as the facts warrant." (At pp. 50-51.)

## II

As to the question of whether the superior court had jurisdiction to hear petitioner's motion even though the County's action is on appeal, we conclude that it did.

Section 387 of the Code of Civil Procedure formerly limited intervention to a time before trial, but this limitation was removed by the 1977 amendment to the section, which now reads "Upon timely application" rather than "At any time before trial." Thus intervention is possible, if otherwise appropriate, at any time, even after judgment. (Cf. *Fallon* v. *Superior Court, supra,* 33 Cal.App.2d 48, 50-51, holding class members may intervene after judgment to protect their interests.)

And since the issue of intervention is not a matter "embraced in or affected by the judgment" the trial court is not deprived of jurisdiction pursuant to the "stay" provisions of Code of Civil Procedure section 916 when an appeal is perfected. (*County of Alameda* v. *Carleson* (1971) 5 Cal.3d 730 [97 Cal.Rptr. 385, 488 P.2d 953] [app. dism. 406 U.S. 913 (32 L.Ed.2d 112, 92 S.Ct. 1762)].)

As for the motion to remove a class representative, it is recognized that the class representative has a fiduciary obligation to the members of the class "surrendering any right to compromise the group action in return for individual gain." (*La Sala* v. *American Sav. & Loan Assn.* (1971) 5 Cal.3d 864, 871 [97 Cal.Rptr. 849, 489 P.2d 1113].) Indeed, the trial court retains jurisdiction to determine *at any time* that the named plaintiff is no longer fit to represent the class. (*La Sala* v. *American Sav. & Loan Assn., supra.*) Moreover, section 385 of the Code of Civil Procedure

provides for a substitution of parties in the event of disability, while rule 48 of the Rules of Court specifically authorizes such substitution by the trial court where the reason requiring it arises during an appeal, "Whenever a substitution of parties to a pending appeal is necessary, it shall be made by proper proceedings instituted for that purpose in the superior court. On suggestion thereof and the presentation of a certified copy of the order of substitution made by the superior court, a like order of substitution shall be made in the reviewing court." (Rules of Court, rule 48(a).)

While we have found no precedent for substituting a class representative after judgment, a reading of the above authorities and a consideration of the policies involved* clearly favors empowering a trial court to do so under proper circumstances. The appropriateness of doing so is in our view a matter for the trial court to decide, and we hold that it may properly do so in spite of the pendency of appeal.

## III

■ The trial court, however, has no power during the pendency of appeal to hear a motion to vacate the judgment appealed from. (*Takahashi* v. *Fish & Game Com.* (1947) 30 Cal.2d 719, 725 [185 P.2d 805] [revd. on other grounds 334 U.S. 410 (92 L.Ed. 1478, 68 S.Ct. 1138)]; *Weisenburg* v. *Molina* (1976) 58 Cal.App.3d 478, 486 [129 Cal.Rptr. 813]; 6 Witkin, Cal. Procedure (2d ed 1971) Appeal, § 4, p. 4021.)

Petitioner's real dispute in any event is not with the judgment entered in the County's action, which is in every respect identical to his own, but with the conduct of the County in imposing the condition of its settlement, which is no part of petitioner's purpose.

The answer to his concern is that the trial court has broad powers to determine whether a proposed settlement in a class action is fair. ■ "Any attempt to include in a class settlement terms which are outside the scope of the operative complaint should be closely scrutinized by the trial court to determine if the plaintiff . . . adequately represents the class." (*Trotsky* v. *Los Angeles Fed. Sav. & Loan Assn.* (1975) 48 Cal.App.3d 134, 148 [121 Cal.Rptr. 637].) Since, in the event of a settlement by the County, petitioner will be entitled to notice of the terms thereof and the opportunity to intervene, object or accept (*id.,* at

*We think that to hold otherwise would retard the settlement of disputes.

pp. 151-152) his objection to the fairness of the settlement terms is thus preserved.

We are, therefore, of the opinion that the superior court has jurisdiction to permit petitioner to intervene, and to determine the adequacy of the County as a class representative. ■ ■ The order denying intervention or substitution is appealable (*County of Alameda* v. *Carleson, supra,* 5 Cal.3d 730; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 43, p. 4057; cf. also Code Civ. Proc., § 904.1, subd. (b)), and the remedy of mandamus is proper where, as here, the trial court refuses to assume jurisdiction. (5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 101, pp. 3875-3876, § 105, p. 3880.)

Let a peremptory writ issue compelling the superior court to hear and decide petitioner's motions to intervene and substitute class representation.

Racanelli, P. J., and Elkington, J., concurred.

A petition for a rehearing was denied March 16, 1979, and the opinion was modified to read as printed above. The petition of the real parties in interest for a hearing by the Supreme Court was denied April 26, 1979. Tobriner, J., and Newman, J., did not participate therein. Manuel, J., was of the opinion that the petition should be granted.