Filed 10/17/13  Shor v. Little New York Restaurant CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LEONID SHOR,<br><br>　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>LITTLE NEW YORK RESTAURANT, INC.,<br><br>　　　　Defendant and Respondent. | B239112<br><br>(Los Angeles County<br>Super. Ct. No. BC377016) |

　　　　APPEAL from orders of the Superior Court of Los Angeles County, Rita Miller, Judge.  Affirmed.

　　　　Law Offices of Roger P. Noorthoek and Roger P. Noorthoek for Plaintiff and Appellant.

　　　　Murchison & Cumming, Edmund G. Farrell and Gina Bazaz for Defendant and Respondent.

# I. INTRODUCTION

Plaintiff, Leonid Shor, appeals from an order setting aside the default judgment against Little New York Restaurant, Incorporated. Defendant, Burlington Insurance Company, intervened after the default judgment was entered against the restaurant. Defendant then successfully moved to set aside the default judgment. Plaintiff contends the trial court abused its discretion by permitting intervention after entry of the default judgment. Plaintiff also argues the trial court erred by setting aside the default judgment against the restaurant. We affirm the order.

# II. BACKGROUND

## A. Pre-intervention Events

On September 5, 2007, plaintiff filed his complaint. Plaintiff's underlying suit against the restaurant previously came before this court. (*Shor v. Little New York Restaurant, Inc.* (Jun. 10, 2010, B215282) [nonpub. opn.].) Plaintiff alleged he received bodily injuries while on the premises of the restaurant on May 21, 2006. On February 15, 2011, the restaurant's default was entered. On March 9, 2011, plaintiff obtained a default judgment against the restaurant in the amount of $260,008. On March 14, 2011, plaintiff filed a declaration indicating the judgment was mailed to the restaurant and defendant. The restaurant is a suspended corporation.

## B. Motion To Intervene And Opposition

On April 27, 2011, defendant filed an application for leave to intervene on behalf of the restaurant. Defendant argued it has a direct interest in the matter because it issued a general liability insurance policy to the restaurant on May 23, 2006. Defendant submitted a declaration from Jacki Creighan, its area claims manager in support of its

2

motion. Ms. Creighan declared she possessed personal knowledge of defendant's business records, including the insurance policy. The insurance policy was effective from April 24, 2006, to April 24, 2007. Plaintiff's alleged injuries occurred within the effective dates of the insurance policy. The first time defendant had knowledge of the litigation was when it received the default entry request on March 8, 2011.

On July 25, 2011, plaintiff filed his opposition. Plaintiff argued defendant is barred from intervening on behalf of the restaurant and may only intervene to protect its own interest. Plaintiff contended Ms. Creighan's declaration was inadmissible. Plaintiff asserted defendant should pursue a separate case under Insurance Code section 11580.

### C. Motion To Intervene Hearing

On August 5, 2011, the hearing was held on defendant's intervention motion. Defendant's intervention motion was granted on the grounds that defendant had a direct interest in the case. Defendant was ordered to file a responsive pleading and a motion to set aside the default judgment within five days.

### D. Motion To Set Aside The Default Judgment, Opposition, And Reply

On August 10, 2011, defendant moved to set aside the default judgment against the restaurant. Defendant argued setting aside the default judgment was proper under Code of Civil Procedure section 473, subdivision (b).[1] Defendant contended it was unaware of the case until March 8, 2011, when it received notice of entry of default. Defendant argued the motion under section 473, subdivision (b) was brought within the six-month time limitation. Defendant submitted as support declarations from its attorney, Lisa D. Angelo, and Ms. Creighan. Ms. Angelo declared the restaurant was a suspended corporation. She stated defendant had a direct interest in the case because it may have to

_____

[1] Future statutory references are to the Code of Civil Procedure unless otherwise noted.

3

satisfy the default judgment. Ms. Creighan declared defendant received a copy of the default judgment request on March 8, 2011 and it had no knowledge of the lawsuit before then.

On November 28, 2011, plaintiff filed his opposition. Plaintiff argued defendant sought relief from the default judgment, not the default. Plaintiff contended: the default remained in effect; thus the trial court would have to re-enter the judgment; defendant did not present admissible evidence to merit relief under section 473; and on September 13, 2007, plaintiff sent defendant a copy of the complaint. On December 6, 2011, defendant filed its reply. Defendant argued the supporting declarations are admissible because they are premised on personal knowledge, relevant, and signed under penalty of perjury.

E.  Tentative Ruling And Motion To Set Aside The Default Judgment Hearing

On December 13, 2011, the trial court issued its tentative ruling. The trial court indicated it was inclined to grant the motion and allow defendant to file a complaint in intervention. The trial court found defendant had established it was unaware of the case until after receiving the request for entry of judgment. The trial court tentatively ruled defendant acted with diligence by retaining counsel, moving to intervene, and moving to set aside the default judgment. The trial court reiterated the restaurant was in default, but defendant could put on its own defense to protect the insured's interests.

At the December 13, 2011 hearing, the trial adopted its tentative ruling as the order of the court. The trial court granted defendant's motion to set aside the default judgment and ordered plaintiff to file a complaint in intervention. Plaintiff subsequently appealed the order setting aside their default judgment and the order granting defendant's intervention motion.

4

## III. DISCUSSION

### A. Appealability

Defendant contends the order granting its intervention motion is not appealable. Judgment was entered on March 9, 2011. On December 13, 2011, the trial court granted the motion to set aside the judgment. Concurrently, the trial court granted defendant's intervention motion. A post-judgment motion setting aside a judgment is appealable. (§ 904.1, subd. (a)(2); *JSM Tuscany, LLC v. Superior Court* (2011) 193 Cal.App.4th 1222, 1236; *Aheroni v. Maxwell* (1988) 205 Cal.App.3d 284, 289, fn. 1; *Yarbrough v. Yarbrough* (1956) 144 Cal.App.2d 610, 613.) In order to review the order setting aside the judgment, we necessarily have to examine the intervention issues. The decision to permit intervention necessarily affects the order setting aside the judgment. Thus, the intervention order is appealable pursuant to section 906. (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 948; *Abramson v. Juniper Networks, Inc.* (2004) 115 Cal.App.4th 638, 649.)

### B. Merits

Plaintiff argues the trial court abused its discretion by granting defendant leave to intervene and setting aside the default judgment against the restaurant. Plaintiff contends: defendant failed to satisfy the requirements for intervention by lacking direct interest and expanding the litigation; the trial court should not have set aside the default judgment while leaving the default against the restaurant in effect; and defendant did not meet its burden demonstrating entitlement to relief under section 473. We disagree.

First, the trial court did not abuse its discretion in permitting defendant to intervene. Section 387, subdivision (a), provides in part, "Upon timely application, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding." Our

colleagues in Division Three of this appellate district have held: "Pursuant to . . . section 387, the trial court has discretion to permit a nonparty to intervene where the following requirements are satisfied: (1) the proper procedures have been followed; (2) *the nonparty has a direct and immediate interest in the action*; (3) the intervention will not enlarge the issues in the litigation; and (4) the reasons for the intervention outweigh any opposition by the parties presently in the action. [Citation.]" (*Western Heritage Ins. Co. v. Superior Court* (2011) 199 Cal.App.4th 1196, 1205, fn. 12 ("*Western Heritage*"); *Gray v. Begley* (2010) 182 Cal.App.4th 1509, 1521; *Truck Ins. Exchange v. Superior Court* (1997) 60 Cal.App.4th 342, 346.) Intervention may occur even after judgment has been entered. (*Mallick v. Superior Court* (1979) 89 Cal.App.3d 434, 437 [section 387 amended to "upon timely application" in 1977]; see *Lazar v. Hertz Corp.* (1983) 143 Cal.App.3d 128, 142.) Intervention is appropriate under these circumstances where an insurer has in interest in the judgment. (*Western Heritage*, *supra*, 199 Cal.App.4th at p. 1205; *Royal Indemnity Co. v. United Enterprises, Inc.* (2008) 162 Cal.App.4th 194, 206; *Reliance Ins. Co. v. Superior Court* (2000) 84 Cal.App.4th 383, 385-387.) No abuse of discretion occurred.

Second, plaintiff raises various issues concerning the restaurant's default. None of them warrant discussion. The default remains in full force.

Third, the trial court did no abuse its discretion in setting aside the judgment. Section 473, subdivision (b) provides in part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief . . . shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." Our Supreme Court has held: "'A ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse.' [Citation.]" (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257; *Purdum v. Holmes* (2010) 187 Cal.App.4th 916, 922; see *Weitz v. Yankosky* (1966) 63 Cal.2d 849, 854 ["A motion to set aside a default judgment is

6

addressed to the sound discretion of the trial court, and, in the absence of a clear showing of abuse of discretion where the trial court grants the motion, the appellate court not disturb the order."].)  The trial court's determination of controverted facts will not be disturbed.  (*Zamora v. Clayborn Contracting Group, Inc.*, *supra*, 28 Cal.4th at p. 258; *Purdum v. Holmes*, *supra*, 187 Cal.App.4th at p. 922.)  Our Supreme Court has held: "'[T]he provisions of section 473 of the Code of Civil Procedure are to be liberally construed and sound policy favors the determination of actions on their merits.' [Citation.]"  (*Zamora v. Clayborn Contracting Group, Inc.*, *supra*, 28 Cal.4th at p. 256; see *Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 230.)

Here, the trial court found defendant was unaware of the lawsuit until March 8, 2011.  Defendant filed its motion to intervene on April 27, 2011.  Defendant filed its motion to set aside the default judgment on August 10, 2011, within the six-month time limitation under section 473, subdivision (b).  The trial court determined defendant acted with diligence by retaining counsel, moving to intervene, and moving to set aside the default judgment.  Based on the trial court's factual findings, it did not abuse its discretion by granting defendant's section 473 motion to set aside the default judgment.

7

## IV. DISPOSITION

The orders under review are affirmed.  Defendant, Burlington Insurance Company, is awarded its appeal costs from plaintiff, Leonid Shor.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


KRIEGLER, J.


KUMAR, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.