Filed 12/9/22  Weinsaft v. Deckel CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| LEONARD B. WEINSAFT, | B313200 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. 19STCV03524) |
| v. | |
| AMI DECKEL et al., | |
| Defendants; | |
| JONATHAN DECKEL et al., | |
| Prospective Intervenors/ Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Maurice A. Leiter, Judge.  Affirmed.

Lesowitz Gebelin and Scott M. Lesowitz for Prospective Intervenors and Appellants.

Venable and Witt W. Chang for Plaintiff and Respondent.

———————————————————

Prospective intervenors and appellants Jonathan, Adam, and Alyssa Deckel appeal from the trial court's denial of their motion to intervene or substitute in as defendants in an action initiated by plaintiff and respondent Leonard Weinsaft. Respondent's underlying lawsuit against defendants Ami and Phoebe Deckel,[1] the parents of appellants, sought partition of rental property jointly owned by him and defendants. Appellants requested to intervene in that action because their father, Ami, had transferred his entire interest in the property to them.

Appellants did not move to intervene until more than a year had passed since defendants and respondent had reached a settlement agreement in the partition action and the case had been voluntarily dismissed, subject to the court's continuing jurisdiction to enforce the settlement agreement. By the time appellants brought their motion, the trial court had already entered a stipulated judgment previously executed by respondent and defendants that appointed a referee to conduct a partition by sale. In the same motion requesting to intervene, appellants sought to set aside the stipulated judgment, rescind and void the parties' earlier settlement agreement, and relieve the appointed referee.

We find no abuse of discretion in the trial court's denial of the intervention request on the grounds that it was untimely. It follows that appellants lack standing to assert any objections or claims in the underlying action. Consequently, we affirm the trial court's order.

---

[1]    Because appellants and the defendants in the underlying action share the same surname, we periodically refer to defendants as "Ami" or "Phoebe" for clarity. Phoebe, Ami's wife and the mother of appellants, passed away on March 21, 2020.

**FACTUAL AND PROCEDURAL BACKGROUND**

I.       *Underlying Action in Which Appellants Sought to Intervene*

      A.       *Initial Complaint and Lawsuit*

Respondent and defendants were each 50 percent owners as tenants in common of two similar apartment buildings located side-by-side in West Hollywood (the "Property"). Respondent and Phoebe are brother and sister; their parents originally purchased the Property, which in 2001 passed in equal shares to Leonard and Phoebe (and her husband Ami), via their respective trusts.

On January 23, 2019, respondent, as Trustee of the Leonard B. Weinsaft Revocable Trust, filed suit against Ami and Phoebe, as Trustees of the Ami and Phoebe Deckel Family Trust. Respondent sought partition of the Property, appointment of a receiver, and an accounting.

The parties litigated the case throughout 2019, and trial was set for March 2, 2020.

      B.       *The March 2020 Settlement Agreement and Voluntary Dismissal of Action*

The parties entered into a settlement agreement, effective March 1, 2020, the day before the scheduled trial date. The settlement agreement disposed of the entire action and provided for the sale of the Property, with the two sides splitting the proceeds. The agreement provided for two phases.

In the first phase, the parties were to use two brokers (one of each side's choosing) to try to sell the Property within one year. The parties would stipulate to dismiss the case without prejudice, with the court retaining

jurisdiction under Code of Civil Procedure section 664.6[2] to enforce the settlement. If either party breached the settlement agreement, or the Property was not sold by April 1, 2021, the parties would proceed to the second phase.

Under the second phase, either party could move ex parte to have a stipulated judgment entered and filed by the court. The stipulated judgment, executed by the parties concurrently with the settlement agreement, provided for the appointment of Referee Kevin Singer to conduct a partition by sale and manage the Property in the interim period.

The settlement agreement contained a provision stating that the agreement "shall be binding upon and inure to the benefit of any beneficiaries, executors, administrators, heirs, successors and assigns of each Party."

On March 11, 2020, consistent with phase one contemplated in the settlement agreement, the trial court entered the parties' stipulated dismissal of the action without prejudice, retaining only section 664.6 jurisdiction to enforce the settlement agreement.

---

[2] Section 664.6 provides: "If parties to pending litigation stipulate, in a writing signed by the parties outside of the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." (§ 664.6, subd. (a).) All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

C.     *October 2020 Transfer of the Property by Ami to Appellants*

On October 5, 2020, Ami deeded his entire interest in the Property to appellants, his three children, as a "bona fide gift" for no consideration. The deed was recorded on November 25, 2020.

Appellants did not seek to intervene in the action at that time. Nor is there any indication in the record that they notified the court of the Property transfer.

D.     *Court's Entry of Stipulated Judgment in April 2021 Pursuant to Phase Two of Settlement Agreement*

On April 1, 2021, in light of the Property not having been sold, plaintiff Weinsaft filed an ex parte application to enforce the settlement, asking the court to enter the previously prepared stipulated judgment that called for the appointment of a referee to oversee the sale.

On April 2, 2021, at the ex parte hearing, counsel for Ami stated he did not oppose the application on the merits, but would not stipulate to immediate entry of the judgment. The minute order further reflects that counsel for Ami "indicated he wanted to give family members with an ostensible interest in the matter an opportunity to informally have discussions with the parties and possibly obtain counsel." The court continued the hearing to April 5, 2021. On April 5, 2021, counsel for appellant Jonathan Deckel appeared at the hearing and, at counsel's request, the court continued the matter to April 8, 2021.

On April 7, 2021, Ami submitted a declaration stating that he signed the settlement agreement at "one of [the] weakest time[s] of [his] life" because he was under "stress and pressure" from caring for his dying wife. He declared that he signed the agreement because he wanted the matter "to

5

be over" and "wanted PEACE."[3] At the end of his declaration, Ami added that he "need[ed] to mention" that he was no longer the 50 percent owner of the Property and had "gifted . . . the ownership of the properties to [his] three children . . . as of October 2020." Ami added that "[t]hey should now have a chance to be heard and make decision[s] regarding the properties" and that he "should be release[d] of [his] obligation regarding the Settlement Agreement."

That same day, on April 7, 2021, respondent filed evidentiary objections to Ami's declaration stating that Ami's claim that he lacked the capacity to enter into the settlement agreement was "simply a delay tactic" given that Ami and his counsel had had 13 months to argue the point, but had not. Respondent further noted that Ami apparently "did have capacity to sign [his] declaration, the alleged deed purporting to transfer the subject property, and hundreds of checks over the last 13 months while performing the settlement agreement." With regard to Ami's purported transfer of his interest in the Property, respondent stated that "[d]espite countless requests to provide the transfer documents that allegedly transfer [Ami's] interest in the property, [respondent] has not seen such documents."

On April 8, 2021, the trial court granted respondent's ex parte application to enforce the settlement, and it entered the stipulated judgment for sale by partition and the appointment of the referee. That same day, the

_____

[3] Along with his declaration, Ami included two letters from physicians (one who treated his wife and another who treated Ami for cardiac issues) stating that Ami had been under emotional stress the preceding few years (and, in particular, in recent months), due to his wife's illness and her passing. The letters were dated April 13, 2020 and April 30, 2020, and appear to have been previously submitted by Ami in response to allegations by Weinsaft that Ami was violating the settlement agreement by disbursing unauthorized funds from the Property's rental income.

referee filed his "Oath of Referee" with the court, acknowledging his appointment in the instant action, his obligations and duties, and his lack of any conflicts of interests in the matter.

II.    *Appellants' Motion to Intervene or Substitute in as Defendants*

On April 23, 2021, appellants filed a motion to: (1) intervene or substitute in as defendants; (2) cancel, rescind and void the March 2020 settlement agreement; (3) set aside and vacate the April 8, 2021 judgment; and (4) relieve the referee.

Appellants argued that in light of Ami's transfer of his entire interest in the Property, appellants were entitled to intervene or substitute in as defendants in the action. Appellants observed that "while a judgment has been entered, there would be additional actions by the Court regarding the approval of actions and fees from the Referee and a sale of the Property."

Regarding the remaining three arguments in the motion—in which appellants challenged the prior settlement agreement, stipulated judgment, and appointment of referee—appellants argued that their father, Ami, lacked the capacity to enter into the settlement agreement and that his consent was obtained by undue influence exerted by Weinsaft and his attorney. Appellants also complained about the referee's conduct since taking over management of the Property.

On May 25, 2021, the trial court denied appellants' motion in its entirety. Regarding the request for intervention or substitution, the court found the request untimely. The court stated that "[g]enerally, intervention is not permitted post-judgment." Further, it noted that appellants "made no effort to intervene until several months after they had acquired their respective interests." The court further observed that "[s]ince the claimed

7

November 2020 transfer of his interest, Ami Deckel has remained as Defendant, and through his counsel has continued to participate in this case."[4] The court proceeded to address the remaining issues, "[f]or completeness," and found that appellants had not provided adequate grounds to set aside the settlement or judgment, or to remove the referee.

Appellants timely appealed the court's May 25, 2021 order.[5]

## DISCUSSION

I.  *Appellants' Intervention Motion Was Properly Denied as Untimely*

A.  *Relevant Legal Principles and Standards of Review*

The right to mandatory intervention[6] under section 387 is triggered by a "timely application" and a showing that the proposed intervenor has (1) an

---

[4]  Appellants' motion to augment the record with a certified copy of the trial court's May 25, 2021 order is granted. This court's November 22, 2022 order to show cause as to why the matter should not be dismissed for failure to provide an adequate record is hereby discharged.

[5]  The denial of a motion to intervene is an appealable order. (*Bowles v. Superior Court* (1955) 44 Cal.2d 574, 582; *Noya v. A.W. Coulter Trucking* (2006) 143 Cal.App.4th 838, 841 (*Noya*).)

[6]  "Intervention is mandatory (as of right) or permissive." (*Hodge v. Kirkpatrick Development, Inc.* (2005) 130 Cal.App.4th 540, 547.) We address only the denial of the request for mandatory intervention, because appellants do not contend on appeal that they were also entitled to permissive intervention. Likewise, on appeal they do not argue that the court should have granted their request for substitution under section 368.5. (See *Orange County Water Dist. v. Sabic Innovative Plastics US, LLC* (2017) 14 Cal.App.5th 343, 383 ["'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, an appellate court treat[s] the point as waived'"].)

Appellants' briefing on appeal cites to various other statutes with scant analysis (e.g., §§ 389 [general joinder statute]; 872.510 and 872.550 [joinder in partition actions]) to support their position that they should be allowed to

8

unconditional right to intervene granted by law; or (2) "an interest relating to the property or transaction that is the subject of the action [when] that person is so situated that the disposition of the action may impair or impede that person's ability to protect that interest, unless that person's interest is adequately represented by one or more of the existing parties."  (§ 387, subd. (d)(1)(B).)[7]  In light of the statutory timeliness requirement, "a party may assert that it holds an unconditional right to intervene, [but] that right is conditioned on a court's initial determination that the application to intervene is *timely*."  (*Carlsbad Police Officers Assn. v. City of Carlsbad* (2020) 49 Cal.App.5th 135, 148.)

The standard of review for mandatory intervention is unsettled—either the abuse of discretion or the de novo standard applies.  (*Siena Court Homeowners Assn. v. Green Valley Corp.* (2008) 164 Cal.App.4th 1416, 1425.)  However, the threshold determination regarding the timeliness of intervention is reviewed for an abuse of discretion.  (*Crestwood Behavioral*

---

belatedly enter the case.  As appellants failed to raise these issues in their motion to intervene in the trial court, we decline to address them here.  (*Oiye v. Fox* (2012) 211 Cal.App.4th 1036, 1065 ["[T]he arguments available to defendant on appeal are limited by what he [or she] argued in the trial court"].)

[7]     Citing subdivision (c) of section 387, respondent asserts that "[a]ppellants did not follow the proper procedures by failing to include a proposed answer-in intervention with their motion."  (§ 387(c) ["The petition shall include a copy of the proposed complaint in intervention or answer in intervention and set forth the grounds upon which intervention rests"].)  However, appellants, in their notice of motion stated that "they would join or adopt the answer previously on file in this case" and subsequently - in reply to respondent's assertion of inadequacy on this point - prepared and submitted a proposed answer containing the same text as that of the original defendants.

*Health, Inc. v. Lacy* (2021) 70 Cal.App.5th 560, 574 (*Crestwood*).) Under the latter standard, we give "abundant deference to the trial court's rulings" (*People v. Jackson* (2005) 128 Cal.App.4th 1009, 1018), and will not disturb the trial court's exercise of discretion unless it was exercised in an arbitrary, capricious, or patently absurd manner resulting in a manifest miscarriage of justice (*Baltayan v. Estate of Getemyan* (2001) 90 Cal.App.4th 1427, 1434).

B.　　*Analysis*

"[I]t is the general rule that a right to intervene should be asserted within a reasonable time and that the intervener must not be guilty of an unreasonable delay after knowledge of the suit. [Citations.]" (*Allen v. California Water & Tel. Co.* (1947) 31 Cal.2d 104, 108.) In the context of intervention, "'[t]imeliness is determined by the totality of the circumstances facing would-be intervenors, with a focus on three primary factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the delay."' [Citation.]" (*Crestwood, supra,* 70 Cal.App.5th at p. 574.) Applying this criteria, we discern no abuse of discretion by the court in denying appellants' motion to intervene as untimely.

Appellants contend that the trial court applied an outdated legal standard in stating that "[g]enerally, intervention is not permitted post-judgment." The trial court relied on *Morton Regent Enterprises, Inc. v. Leadtec California, Inc.* (1977) 74 Cal.App.3d 842 (*Morton*), which held "the general rule is that intervention is not permitted after judgment." (*Id.* at p. 846.) At the time *Morton* was decided, section 387 limited intervention to "before trial." However, section 387 was amended in 1977 to allow intervention "[u]pon [a] timely application." (See *Mallick v. Superior Court*

(1979) 89 Cal.App.3d 434, 437 [explaining statutory change effected by 1977 amendment]; 8 Witkin, Cal. Procedure (6th ed. 2021) Enforcement of Judgment, § 232, p. 250.) "The fact that section 387 allows for a 'timely' application means that intervention after a judgment is possible." (*Hernandez v. Restoration Hardware, Inc.* (2018) 4 Cal.5th 260, 267.)

However, even though intervention is sometimes appropriate after a judgment, "the stage of the proceeding at which an applicant seeks to intervene" is still an important factor in determining if a motion for intervention is timely. (*Crestwood, supra,* 70 Cal.App.5th at p. 574 [listing this as first factor in timeliness analysis]; see e.g., *Noya, supra,* 143 Cal.App.4th at pp. 842–843 [affirming denial of intervention based on untimeliness where motion was made two months after settlement]; see also *Lofton v. Wells Fargo Home Mortgage* (2018) 27 Cal.App.5th 1001, 1012 [no abuse of discretion in finding intervention motion untimely where motion was sought post-settlement and judgment].) The trial court did not deny the motion to intervene solely because the motion was brought post-judgment. Rather, it further relied upon the fact that appellants "made no effort to intervene until several months after they had acquired their respective interests" in the Property. That appellants moved to intervene 15 days after the stipulated partition judgment was entered, 200 days after appellants received their interest in the Property, and more than 400 days after the entire case was settled and dismissed weighs in favor of finding untimeliness.

As to the "prejudice" analysis, appellants contend respondent would suffer none if they were allowed to intervene, as the "formal partition process had not started yet." However, according to a report submitted by the referee, prior to appellants' intervention request, the referee had performed significant work in taking over management of the Property and preparing

11

for sale, including hiring a property manager, writing to the tenants, securing a trust account to hold funds, inspecting vacant units, interviewing a broker, and meeting with the respective parties and counsel. Moreover, appellants' contention that "[t]here was no bid or offer for sale in hand" for the Property fails to acknowledge that multiple offers on the Property had been made in the year preceding the intervention motion—including offers that came in *after* appellants obtained their interest in the Property. Appellants' belated attempt to enter into the proceedings jeopardized the settlement and the partition proceedings long since agreed upon by the parties. (*See Noya, supra*, 143 Cal.App.4th at p. 842 [post-settlement motion to intervene was untimely due to potential to "delay or impede the resolution reached by [the] parties" and interject additional issues into litigation].)

Finally, appellants offer no cogent reason for failing to intervene earlier in the action. (See *Northern Cal. Psychiatric Society v. City of Berkeley* (1986) 178 Cal.App.3d 90, 109 [denial of intervention found proper where there "was no excuse for the tardiness of [the] application for intervention"].) Instead, appellants assert that they "had no reason to move to intervene while the case was dismissed" and until it was "revived" in April 2021—"when Respondent moved to enforce the Settlement Agreement and to have the stipulated judgment entered." However, it was foreseeable prior to April 2021 that respondent would move for enforcement of the settlement agreement, given the term providing for this "phase two" procedure in the event the Property had not sold by April 2021. Appellants do not claim ignorance of the status of the proceedings. In a declaration filed by Jonathan Deckel, he stated he had "spoken with, and worked with my father regularly throughout the time that this case has been ongoing," and he was "very familiar with the Property, as [he] ha[s] been a resident and assisting in

12

managing the property since 2004." Moreover, once appellants had notice of the impending motion to enforce the settlement that was filed on February 25, 2021, they failed to file a request for intervention until April 23, 2021, more than two weeks after the court granted the motion and entered the stipulated judgment. This delay is unexplained.

Appellants also suggest that, given that the case had been dismissed, the court would not have permitted them to intervene prior to the date respondents brought their motion to enforce the settlement agreement. They admittedly have no authority for that proposition.[8] The trial court had retained jurisdiction under section 664.6, and the settlement agreement contemplated a "second phase" after the dismissal that would involve further court proceedings. Appellants' unsupported contention that the trial court "likely" would not have granted their motion if it had been filed earlier is not a legitimate explanation for their delay in seeking intervention. Further, this contention is undercut by the fact that the trial court specifically faulted appellants for making "no effort to intervene until several months after they had acquired their respective interests."

In sum, the court did not abuse its discretion in finding appellants did not meet the threshold requirement of filing a timely intervention request. Because the motion was untimely, we need not address the merits of the motion for intervention, and conclude it was properly denied.

---

[8] *O'Dell v. Freightliner Corp.* (1992) 10 Cal.App.4th 645, to which they cite, does not support the contention as the court there did not have continuing jurisdiction under section 664.6 to enforce a settlement agreement following dismissal.

II.    *Appellants' Remaining Challenges Fail for Lack of Standing*

In light of our conclusion that the trial court committed no error in denying appellants' intervention request, appellants lack standing to request the court to set aside the settlement agreement, stipulated judgment, and appointment of the referee.  (See *Chase v. Superior Court* (1962) 210 Cal.App.2d 872, 876 [one who is not a party to an action may not "make a motion therein" nor file "any character of pleading therein," internal quotation marks omitted]; *Beshara v. Goldberg* (1963) 221 Cal.App.2d 392, 395 ["It is elementary that a stranger to a proceeding has no standing to interpose a motion" and that one who desires to do so must be an existing party to the action "or some other interested party who has been permitted to intervene"].)

Appellants contend, in cursory fashion, that they "may attack the Settlement Agreement" because "[a] third-party-beneficiary or assignee may challenge a contract or seek its reformation."  However, even if this were generally true, a contention we need not reach, appellants have not demonstrated they are either third-party beneficiaries or assignees of the settlement agreement.  We cannot conclude they are third-party beneficiaries where they had no interest in the Property at the time of the settlement agreement, and they presented no evidence Ami intended at the time to transfer his interest to them in the future.  (See *Spinks v. Equity Residential Briarwood Apartments* (2009) 171 Cal.App.4th 1004, 1022 ["'The test for determining whether a contract was made for the benefit of a third person is whether an intent to benefit a third person appears from the terms of the contract'"].)  Nor have they shown any evidence that Ami assigned his rights and obligations under the settlement agreement to them.  (*Cockerell v. Title Ins. & Trust Co.* (1954) 42 Cal. 2d 284, 292 ["The burden of proving an

14

assignment falls upon the party asserting rights thereunder" to show the assignment with "clear and positive" evidence].)  Indeed, appellants acknowledge their failure to do so, and simply assert that if they "would need to prove assignment of the Settlement Agreement to them by Ami Deckel, that should be addressed upon remand."  However, appellants' failure to raise this issue in the trial court in the first instance forfeits the issue on appellate review.  (*Oiye v. Fox, supra*, 211 Cal.App.4th at p. 1065.)

## DISPOSITION

The May 25, 2021 order denying appellants' motion for, inter alia, intervention is affirmed.

Respondent is entitled to his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STONE, J.*

We concur:


COLLINS, Acting P. J.


CURREY, J.

---

*Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.